No. 83.—Thomas C. Coyle, plaintiff in error, *vs.* David C. Campbell, defendant in error.

[1.] Notes, bonds and other assumptions, made to a person as a physcian or surgeon, the consideration of which is services rendered in prescribing for the cure of diseases, without a license: *Held* to be null and void; so, also, any obligation which springs out of the exercise of the profession of medicine, without a license.

Debt, in Baldwin Superior Court. Tried before Judge Johnson, August Term, 1851.

Coyle *vs.* Campbell. `

David C. Campbell brought suit against Thomas C. Coyle upon an account for $86 50.   To this action Coyle filed, as a set-off, the following account:

D. C. CAMPBELL,
1846.                              To T. C. COYLE,      Dr.

March 14. To 499  days'  Hydropathic  treatment  of
servant, Henrietta—3 baths a day—1497
baths, at 12½ a bath,                              $187  12½
1847.
July 14.    " 499 days' nursing, at 25 cents,            124  75
" 499 days' board, at 25,                124  75
" 1  outfit  for  Henrietta of linen,  cotton
cloth and woolen blankets, bought and
paid for at Mr. Treanor's                 18  00

$454  62½

N. B.  499 days' professional fees I do not  charge
for, $311  87½, it being both expressed and
understood that this was to be given gratui-
tous.

Upon the trial, the defendant  offered  to prove  his  account. Plaintiff's  counsel objected, on the ground that defendant  was not licensed, as provided by the Act of 1825, and was not al-lowed to charge for  the cure  of diseases.   The objection was sustained by the Court, and this decision is assigned as error.

Defendant's counsel  then offered to prove, that the  articles charged in the fourth item,  were furnished  by defendant at the prices charged.

Plaintiff's counsel objected, that  they arose from the  hydro-pathic treatment, and defendant was prohibited  from recovering for the same, under the said Act of 1825, and that they were not chargeable  to the plaintiff, without a special request from him; also, that the particulars were not set out fully.   The Court sus-tained all of the objections, and error has been assigned thereon.

The Court charged the Jury, " That the  only item of the set-

off before them, was the charge for board, and that if they be-lieved the negro was kept as a boarder, defendant was entitled to an allowance of so much as the board was reasonably worth; that if they were satisfied that she was not there as a boarder, with the consent and by the request of plaintiff, defendant was not entitled to anything."

This charge is assigned as error.

ROCKWELL, for plaintiff in error.

I. L. HARRIS, for defendant in error.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The question made in this case is, whether Dr. Coyle, a hydropathic practitioner, is authorized, by law, to recover an account for services rendered in the way of his profession. We think that he is not so authorized, but, on the contrary, is prohibited by the Statute.   The Act of 1825, was passed, among other purposes, to regulate the licensing physicians in this State. It was amended in 1831, but in no way to affect this question— was repealed in 1836, and revived in 1839, and re-enacted with-out alteration or modification, in 1847.   The original Act of 1825 then, re-enacted in 1847, is the law which controls the question.   The Act of 1825 prescribes the manner of granting licenses to all applicants to practise physic and surgery.   In the 4th section, it declares, " that all bonds, notes, promises and as-sumptions made to any person or persons not licensed in the manner pointed out, the consideration of which shall be services rendered as a physician or surgeon, in prescribing for the cure of diseases, shall be void and of no effect."   This section makes void all contracts founded on services rendered as a physician or surgeon, in prescribing for the cure of diseases.   The only in-quiry, in order to determine whether Dr. Coyle is embraced in the Act, must be this, to wit : is his account founded on services rendered as a physician or surgeon, in prescribing for the cure of diseases ?   It is not pretended that he has a license, and his ac-

Coyle *vs.* Campbell.

count, upon its face, as to all the items, except the one for board of the negro woman, shows that it is for services rendered as a hydropathic practitioner, in the treatment of the servant of Col. Campbell, the defendant in error, for disease. He, a cold-water doctor, is not, of course, a surgeon. But we hold, that in prescribing water or any thing else, or in prescribing any mode of treatment for disease, *he assumes* to be a physician. It is as such that he claims pay. It is for an account made to him as a physician, that he asks the judgment of the Court. Now, it is wholly immaterial if he is not licensed, as the Act requires, whether he be an ignorant pretender, or as learned as Galen, he is, in either case, prohibited from collecting his account by law. It may even be a question, under the Act of 1825, whether a man, who holds a diploma from a Medical College, can recover for medical services, unless he is licensed by the board which it creates. For whilst the Act exempts such persons from an *examination*, it does not, in so many words, nor by a necessary construction, exempt them from the necessity of taking out a license. And the amendatory Act of 1831, authorises the board, if they have any doubts as to the qualification of an applicant, to examine him, although he may have a diploma from a Medical College, and either grant or withhold a license, as they may find him qualified or otherwise. It is, however, not pretended that Dr. Coyle had a diploma, and we decide nothing as to that matter. It suffices to say, that this " assumption" is founded on the consideration of services rendered by the plaintiff in error, *as a physician*, in prescribing for the cure of disease. He holds himself out *as a physician*—he has prescribed for the cure of disease, and he demands that the law enforce payment for services rendered as a physician. The Act of 1825, in so many words, declares that just such an assumption as this is, made to just the person that Dr. Coyle is, shall be null and void. It cannot be seriously pretended, that because his physic is pure water, and his treatment swathing and friction, that he is not, therefore, one who *as a physician, prescribes for the cure of disease.* He is clearly as obnoxious to the law, as he would be if he prescribed calomel and jalap, or steam and No. 6, or homeopathic infinitesimals, or

phlebotomy and hot water. If this view of section 4th of the Act of 1825 needed fortifying, it is sustained by other sections. The 1st section declares, that "No person shall be allowed to practise physic and surgery, or any of the branches thereof, *or in any cases prescribe for the cure of diseases,* for fee or reward, unless he or they shall be first licensed to do so," &c.

So the 2d section makes it highly penal for any one to practise physic or surgery, or in any manner prescribe for the cure of diseases, for fee or reward, without a license. Nor does Dr. Coyle come within the exception made by the Act of 1825. That exception extends to persons who, at the time of the passage of the Act, were practitioners of medicine or surgery, or who had, before that time, been practising physicians. I stated that the Act of 1825 was repealed in 1836, and revived in 1839. The reviving Act of 1839, has this provision, to wit: " Provided, that nothing in the said revived Act, be so construed as to operate against the Thomsonian or Botanic practice, *or any other practitioner of medicine in this State.*" Now, it was claimed in the argument, that Dr. Coyle was protected under this *proviso,* because in its terms it exempts from the operation of the Act of 1825, *any other* practitioners of medicine, as well as the Thomsonian or Botanic practitioners. The argument construes these words to embrace *all* practitioners of medicine, and inasmuch as Dr. Coyle is a practitioner of medicine, he is excluded. This construction would defeat the whole body of the Act, and let all the world practise medicine for fee and reward, without a license—the very thing the Act was intended to prevent. If this is the meaning of the *proviso,* then it is itself void, for a saving repugnant to the whole body of an Act is void. But it is not necessary to make it void. We give to it a meaning, and that no doubt is the meaning suggested by the counsel for the defendant in error, Mr. Harris, to wit: it means to except such persons as were, in 1839, in the practice of medicine, and who came into the practice between 1836 and 1839, whilst the Act of 1825 was repealed—persons who were then practitioners of medicine for fee and reward, and who began to practise when there was no law to prohibit them. Dr. Coyle was not one of these. And if *hydropathy* could, even by the ingenuity of our

Coyle *vs.* Campbell.

brother Rockwell, be classed with the Thomsonian practice, Dr. Coyle would still be without any aid from the law to collect his account. Because, by the Act of 1847, no persons except graduates of the Southern Botanico Medical College, are allowed to practise physic or surgery on the Botanic or Thomsonian system of medicine, or any of the branches thereof, or in any case to prescribe for the cure of diseases, for fee or reward, without a license from the Botanico Medical Board of Georgia; and if they do, their bonds, notes and assumptions, given in consideration of their services, are declared void. It was claimed, in the argument, that at least the Court erred in refusing to permit the plaintiff in error to prove and recover the fourth item in his account. We are unable to concede that to him. This item is, " one *outfit* for Henrietta, of linen, cotton cloth and woollen blankets, bought and paid for at Mr. Treanor's, $18." The *outfit* of linen, &c. was the means of applying his prescriptions and rendering his services. If he cannot recover them, he cannot recover for the means which he thought necessary to provide in order to apply them. The law intends that he shall not practise medicine for fee or reward, but upon terms, and its policy requires that he shall not be permitted to enforce any obligation, express or implied, which springs out of the illegal exercise of the profession. We do not say but that any citizen may gratuitously practise medicine. The Statutes are directed against its practice for fee or reward. Thus have we declared what seems to us the legislative will upon this subject. We can see no reason why the practice of hydropathy should not, upon judicious terms, be under the sanction and protection of the law, as well as any other practice. It is for the Legislature, not for us, to place it there. *Cobb's New Digest*, 886 *to* 892.

The Court properly left the question, whether the charge for board should be allowed, to the Jury, under the testimony.

Let the judgment be affirmed.