Norwood *vs.* Hardy *et al.*

---

No. 99.—JAMES NORWOOD, plaintiff in error, *vs.* LEWIS HARDY, *et al.* defendants.

[1.] The "physician" intended by the Act of 1834, concerning commissions of lunacy, is a person who has been licensed as a physician by the board of physicians of this State.

Inquisition of lunacy, in Jackson Superior Court. Decided by Judge JACKSON, February Term, 1855.

The record in this case disclosed the following facts: In 1851, James Norwood applied to the Court of Ordinary of Jackson County for a commission to examine Lewis Hardy, alleged to be insane and incapable of managing his affairs. Notice of this application had been previously given to Isaac M. David, the son-in-law, and Amisted Hardy and Parmelia Denson, the son and daughter of Lewis Hardy.

Twelve commissioners were appointed, who, after examination, returned a verdict that the said Lewis Hardy was insane and incapable of managing his own affairs; and the Court of Ordinary appointed Norwood his guardian. Lewis Hardy, by

his next friend, Thos. Stapler, appealed from the verdict to the Superior Court. At Feb. Term, 1855, Counsel for the appellant moved to dismiss the proceedings as being void on two grounds—1st. That the wife of Lewis Hardy was not notified of the intended application. 2d. That no physician was of the number of commissioners who tried the case, as required by the Statute.

It was admitted that the wife of Lewis Hardy had not been notified; and that W. B. Hardeman, one of the commissioners, was practising as a regular physician and had received a diploma from Jefferson Medical College of Philadelphia, but had never, up to the time of said trial, obtained a license from any board of physicians in Georgia—no other physician was among the commissioners.

The Court sustained the motion on both the grounds, and dismissed the proceedings at the cost of the applicant. And on this decision error is assigned.

OVERBY, for plaintiff in error.

COBB & HULL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The Act under which this case proceeded, provides that one of the commissioners "shall be a physician." (*Cobb's Dig.* 343.)

Was Wm. B. Hardeman a physician?

He, though practising and holding a diploma from "Jefferson Medical College of Philadelphia," has never been licensed as a physician by "the Board of Physicians of this State."

The first section of the Act of 1825, "to regulate the licensing of physicians," &c. contains these words: "no person shall be allowed to practice physic and surgery, or any of the branches thereof, or in any cases prescribe for the cure of diseases for fee or reward, unless he or they shall have been first licensed to do so, in the manner hereinafter prescribed."

(*Cobb's Digest,* 886.)   This Act, after being repealed in 1836, was revived by the Act of 1839, and again by the Act of 1847. (*Id.* 889.)

Now the question is, when the Legislature declares that a physician was to be one of the commissioners, did it mean some person only who had obtained a license to practice physic from the board of physicians, or did it mean such person and any other who might have obtained such license from some foreign board of physicians or some foreign medical school or institution?

And in the opinion of this Court, the Legislature must have meant a person of the former sort and no other.   When the Legislature speaks of Judges, Justices of the Peace, Clerks, Sheriffs, Executors, Administrators, Guardians, Jurors, Voters —citizens even, it means, unless there is something decisive to show the contrary, persons who are such, respectively, by *the laws of Georgia.*   So, when it mentions physicians, it must be considered to mean only persons who it has said shall be considered worthy to serve as physicians—and who are they?   Only such as the board of physicians may have licensed to practice physic; for it is only such that the Legislature has allowed to charge for their services; and therefore, it must be only such that the Legislature considers capable of rendering services of any value.   It is to be presumed, that if the Legislature had considered others capable of rendering services of any value, it would have allowed them to be paid for such services.

It follows, that in the opinion of this Court, the Court below was right in dismissing the case on one of the grounds, that Hardeman had not been licensed as a physician by the board of physicians of this State.

And this renders it unnecessary to decide the sufficiency of the other ground on which the case was dismissed.

So the judgment of the Court below ought to be affirmed.