Newsom vs. Lindsey, adm'r.

NATIONAL LAW SCHOOL LIBRARY.

Judgment reversed.

No. 75.—BENJ. F. NEWSOM, plaintiff in error, *vs.* CALEB LINDSEY, administrator of WRIGHT JOHNSON, deceased, defendant in error.

A physician, who was practicing at the date of the Act, of 1847, which revived the Act of 1825, to regulate the Licensing of Physicians in this State, &c., is a qualified physician, and may collect his accounts for medical services.

Complaint, from Taylor Superior Court. Tried before Judge WORRILL, October Term, 1856.

This was an action brought by Benjamin F. Newsom, plaintiff, against Caleb Lindsey, administrator of Wright Johnson, deceased, to recover an account for medical services rendered the deceased in the year 1853.

The plaintiff proved that he had rendered and performed the services, and the value thereof; he also proved that he was a practicing physician and surgeon in this State, at and before the twenty-fifth day of December, 1847, to-wit: from 1845, up to this time.

Defendant demurred to said evidence as insufficient to sustain plaintiff's cause of action, on the ground that plaintiff had not proven a license, from the Medical Board of the State, to practice medicine; and moved for a non-suit.

The presiding Judge sustained the demurrer and ordered a non-suit, and to this ruling plaintiff excepted.

HOLSEY; and B. HILL, for plaintiff in error.

WALLACE; and POU, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The only point in this case is, whether the plaintiff has a right, as an unlicensed practicing physician to recover the account sued for, it being for professional services rendered. The Act of 1825, declares all bonds, notes, promises and assumptions made to unlicensed physicians for services rendered as a physician or surgeon, utterly void and of no effect. The same act contains a provision, that it shall not have any operation or effect upon any person then practicing medicine or surgery in this State, who had theretofore been a practicing physician in this State. In 1836, the parts of the Act of 1825 which annulled contracts of unlicensed physicians for professional services, and prohibited them from practicing

medicine and surgery, were repealed. In 1839, the Act of 1825 was revived and a board of physicians was appointed. That act contained a provision that it should not operate against the Thompsonian or Botanic practice or any other practitioners of medicine in this State. The Act of 1847 revives the Act of 1825, and excepts from its operation the graduates of the Botanico-Medical College, and the licentiates of a legally established Medical Board of physicians. The Act of 1847, appoints and constitutes another board of physicians. None of the foregoing acts provides for perpetuating the board, and the fact, that in each act a new board is appointed, is evidence that the old boards had become defunct, either by the failure of the appointees to act, or to keep up the board by the election of new members to fill vacancies. The act of 1847 is so nearly identical with the Act of 1839, it is difficult to conjecture, on any other hypothesis than that above stated, why it was passed. The Act of 1825 was revived in toto, and the section which excepts from its operation and effect, physicians then practicing in this State, was revived with it, and the exemption from its prohibitions and restrictions bore date with the reviving act. The argument that the prohibitory clause was an existing act from 1839, and that its mere re-enactment could not amount to a repeal of what was only affirmed by it, is plausible, but we think that the argument assumes what is not allowable by a proper construction of this legislation. It cannot be presumed that the Legislature acted without consideration, and re-enacted a law which was of full force. To judge from the acts themselves, as they appeared on the statute book, the Act of 1825 was of full force, because the Act of 1839 had revived it. But although revived, the board of physicians therein named were not re-appointed, but the Act of 1839 appointed a new board in their stead. There is no evidence that the board of physicians appointed by this last act, ever accepted, or continued to act if they did accept. The presumption is, that they did not, and the Legislature

considering that the Act of 1839 had become obsolete, in 1847 re-enacted the Act of 1825. The same purpose and policy which prevailed in 1825, we will presume, controlled the Legislature in 1847, in respect to practitioners of medicine and surgery, who had not had an opportunity of an examination by a board of physicians. If the Act of 1825 was revived, it was revived as a whole, and so construing it, physicians who were practicing at the date of the revival Act in 1847, are qualified physicians and their accounts may be collected. The plaintiff in error was a practicing physician at the date of the act, and is entitled to collect his account.

The non-suit awarded in the Court below must therefore be set aside, and the case be reinstated and stand for trial.

Judgment reversed.