JIMSEY B. HUNTER, plaintiff in error, vs. JOSEPH E. BLOUNT, defendant in error.

To prove a Diploma given to a Physician by a Medical College of another State, the legal existence of the College must be produced.

Complaint on account, in Schley Superior Court. Tried before Judge WORRILL, at August Term, 1858.

This was complaint, on an account for medicinal services rendered by Joseph E. Blount, against Jimsey B. Hunter.

The defendant pleaded, that plaintiff had never received a license to practice medicine from the Medical Board of the State of Georgia, nor a Diploma from any Medical College in the United States, and that he was not entitled to charge for services rendered as a physician.

Upon the trial, plaintiff proved his account by the production of the book of original entries; that the entries were in his own handwriting, and that he kept no clerk; and further proved by two witnesses that he kept correct books.

Plaintiff then offered in evidence his Diploma, or a parchment writing purporting to be a Diploma, from the Medical College of Philadelphia, signed by certain persons as President, Vice President, and other officers of said college, with a seal bearing the name and inscription of the Medical College of Philadelphia. Said parchment writing being in the Latin language.

The defendant objected to the admission in evidence of said parchment, unless the plaintiff would first prove that the same issued from the Medical College of Philadelphia, and that the seal attached thereto, and the signatures of the officers were genuine.

The Court overruled the objection and admitted the Diploma, without such proof, and defendant excepted.

Defendant then objected to the said parchment going to

Hunter vs. Blount.

the jury as evidence, unless the writing therein was translated into English.

The Court overruled the objection and let the parchment writing go to the jury, without being translated, and defendant excepted.

The jury found for the plaintiff. Whereupon defendant tendered his bill of exceptions, assigning as error the decisions above excepted to.

BLANDFORD & CRAWFORD, for plaintiff in error.

DAVIS & HUDSON, *contra.*

*By the Court.*—MCDONALD, J. delivering the opinion.

By the Act of February, 1854, physicians who have been graduated by any Medical College in the United States, and have Diplomas, may practice medicine and charge for their services, otherwise they cannot without a license from the Board of Physicians in this State. To the plea of the defendant in the Court below, that the plaintiff was not a licensed or graduated physician, the latter in reply offered in evidence his Diploma from the Medical College of Philadelphia. It was objected to, unless the plaintiff would show that the same was issued from a Medical College of the United States, and was duly executed by the proper officers. The Court below overruled the objection and admitted it in evidence, and error is assigned on this ruling of the Court. The plaintiff is bound to prove that the Diploma which he offered was given by a college existing at the time, and the charter or act of incorporation must be produced for that purpose. The legal existence of a body corporate in another State cannot be recognized here without proof.

Judgment reversed.