## MADDOX vs. BOSWELL.

A physician who was practicing at the date of the Act of 1847, which revived the Act of 1825, to regulate the licensing of physicians in this State, etc., is a qualified physician, and may collect his account for medical services.

Complaint, in Catoosa Superior Court.  Tried before Judge CROOK, at November Term, 1859.

This was an action by Doctor George B. T. Maddox, against William M. Boswell, on an account for board and medical services, rendered by plaintiff for defendant.

The defendant pleaded the general issue, and that plaintiff was not a practicing physician, entitled, by law, to charge and recover for the services rendered, never having obtained a license to practice, as required by statute, in such case made and provided.

At the conclusion of the testimony, plaintiff's counsel requested the Court to charge the jury: That if the plaintiff was a practicing physician at and before the passage of the Act of 1847, and up to that time, (the time of trial,) and has proved his account, then he is entitled to recover.  Which charge the Court refused to give, but charged: "That the Act of 1847 revived the Act of 1825, and excepts from its operation the graduates of Botanic Medical Colleges, and the licentiates of a legally established board of physicians; and although plaintiff was practicing medicine before the Act of 1847, he could not recover, unless he came within the exception of that Act," etc.

The jury found for the plaintiff $71 00, being the amount of items in the account, other than for medical services. Whereupon, counsel for plaintiff moved for a new trial, on the ground that the verdict was contrary to law and the evidence, and that the Court erred in its charge, and refusal to charge, as above stated.

The Court overruled the motion for a new trial, and plaintiff excepted.

CARUTHERS; DODSON, for plaintiff in error.

SUTTON; J. A. GLENN, contra.

Maddox *vs.* Boswell.

*By the Court.*—LYON, J., delivering the opinion.

The only question in this case is, whether the plaintiff, as an unlicensed practicing physician, has a right to sue for, and recover that part of the account declared on, which is made up of professional services rendered defendant, on proof of the same—he (the plaintiff) having been a practicing physician at the date of the Act of 1847, reviving the Act of 1825, to regulate the licensing physicians in this State?

This identical question was made and decided affirmatively by this Court in *Newsom vs. Lindsey, adm'r,* 21 *Ga.,* 365.

We see nothing in the present case to induce a change of the construction of those Acts given by the Court in that case. For my own part, I would not consent to a change of that construction, were I convinced that it was an erroneous interpretation of the law, for the reason, that I believe it is the true policy of this Court, as well as the spirit in which it was organized by the people of Georgia, that a principal once decided, that is not in conflict with a statute of the State, should stand as law, and be conclusive in all subsequent adjudications and judicatories in this State, until repealed or changed by the Legislature of Georgia.

And as the charge of the Court below to the jury on this question, and his refusal to charge as requested by counsel for plaintiff, was directly in conflict with that decision, the judgment must be reversed on that ground. The Court should have charged the jury as requested.

Counsel for defendant insisted, that to entitle the plaintiff to the benefit of the exception, it was necessary for him to show, by proof, that although a practicing physician, he fell within some one of the different schools or classes of practitioners expressly named by some one of the several statutes on this subject. The statute makes no such distinction. To recover for his services, he must show that he was a "practicing physician" at the passage or revival of the Act of 1825. If he does that, no matter what school or class he belongs to, he is within the exception, and entitled to recover.

Judgment reversed.