L. R. & S. D. Wragg, plaintiffs in error, *vs.* B. M. Strickland, defendant in error.

When a physician, without a diploma, has obtained a license to practice his profession from a member of the "Medical Board of Georgia" for each year, though more than one year, he is entitled to charge and collect his fees : Provided, the Medical Board has not *refused* to grant him a license in the meantime.

*Certiorari* from the County-Court.   Decided by Judge Underwood.   Floyd Superior Court.   April Term, 1867.

Strickland sued plaintiffs in error in the County-Court of Floyd county in two separate actions, on two promissory notes signed by their said firm name, the one for $40.30, made on the 24th May, 1862, with interest from January 1st, 1862, and the other for $71.00, dated 1st of January, 1864, each due one day after its date, and payable to B. M. Strickland, or bearer.

The defence was that the consideration of said notes was medical services rendered by Strickland, that he had no diploma, and was not authorized to collect pay for such services.

Defendants examined said plantiff as a witness.

He testified that the consideration of said notes was service rendered by him as a physician, and that he never had a diploma.   He stated also that he had obtained temporary license from Dr. Moore, one of the Medical Board of Georgia, for the years 1859, '60, '61, '62, '63, which licenses had been lost ; that the service was rendered to defendant's families, and that the patients recovered.

The defendants then read the answers of said Moore to Interrogatories.   This is the substance of them :  He is a member of the Medical Board of Georgia, and was appointed when the Board was reorganized ; as such he licensed said Strickland for said years.   The license for 1859, was as follows :

" Georgia, Clarke County :  Be it known to all whom this may be presented, that I, by virtue of the law creating the Medical Board of the State of Georgia, this day license

B. M. Strickland to practice medicine in its various branches, in said State, until the first Monday in December next, being the day for the next regular Board Meeting of the Board. January 1st, 1859.         R. D. MOORE, M. D.,

*Member of the Medical Board, State of Ga.*

The licenses for the other years were in the same form. All temporary licenses are reported to the regular meeting of the Board, when the person presents himself for examination by the Board, but no record is kept by the member granting the temporary license.

Strickland never presented himself before the Board for examination, nor ever exhibited a diploma. He applied in person to Moore for said license in 1859, paid for it $5.00, and the same sum for each of the others. Moore stated that he knew no reason why Strickland could not practice medicine and collect his charges for the same.

When the copies of said several temporary licenses, attached to Moore's answers, were offered in evidence, upon motion of defendant's attorneys, the Court rejected all of them except that for 1859.

Defendants then re-examined STRICKLAND, and showed by him that his account for 1862, about $25.00 or $30.00, was included in the first note, and the balance of it was for his account of 1861.

In the argument, the attorneys for the defendants insisted that, in the absence of proof of proper authority to practice medicine, plaintiff could not recover on these notes, or either of them; and that notwithstanding plaintiff had authority to practice in 1859, yet if the first note was given for that service and also embraced the account of 1861, when he had no license, the whole note was void, that the jury could not separate the good from the bad, and the consideration being illegal in part, the whole promise failed, and they requested the Court so to charge the jury.

The Court did so charge, with the addition that, if they believed, from the evidence, that the notes were given in good faith, and that the first note embraced $25.00 or $30.00 for

services rendered in 1859, when plaintiff was authorized to practice under a license, they would be justified in finding that amount for plaintiff.

The jury found for the plaintiff for the principal, interest and costs on each note. By consent of counsel the two cases were consolidated, and a *certiorari* sued out to set aside said verdicts.

Judge UNDERWOOD refused to set aside either verdict, and for this, his action is brought here for review.

ALEXANDER & WRIGHT, by W. AIKIN, for plaintiffs in error.

HARVEY & SCOTT, for defendant in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case is, in refusing to sustain the *certiorari* and dismissing the same. The suit was instituted in the County-Court of Floyd county upon two promissory notes. The defence set up was that the notes were given for medical services to a physician who was not authorized to practice medicine, and charge for his services as such, under the laws of this State.

By the 11th Section of the Act of 1825, a single member of the Board of Physicians in this State, is authorized to grant a temporary license to applicants to practice medicine, and make report thereof to the next meeting of the Board—such temporary license to continue until the next meeting of the Board ; but in no case shall a temporary license be granted by one of the Board after the applicant has been refused license by the Board of Physicians. Cobb's Dig. 888.

The plaintiff, Dr. Strickland, obtained a temporary license to practice his profession from Dr. Moore, one of the Board of Physicians of the State, for the years 1859, '60, '61, '62 and '63, respectively. There is no evidence in the record that Dr. Strickland had ever been *refused a license* by the Board of Physicians. The construction which we give to this act is, that one member of the Board was authorized to

grant a temporary license to the applicant for each year, though more than one year, reporting his action to the Board, as we presume he did, as it is made his duty to do so; provided, the Board of Physicians, had not, in the meantime, *refused* to license the applicant. Whenever the Board of Physicians, as such, refused a license to the applicant, then no *one member* of the Board could grant him one.

From the facts of this case, as the same appear in the record, we think the Doctor was entitled to charge for his services, and that the parties having had the benefit thereof, ought to pay for them, the more especially, as the record shows that his patients did not die, but had the good fortune to recover.

Let the judgment of the Court below be affirmed.