M. C. PARKERSON, administrator, plaintiff in error, *vs.* C. C. BURKE, defendant in error.

1. When an administrator defends a suit at the instance of the heirs at law, who are the real parties in interest, and those heirs testify in respect to what transpired between the intestate and the plaintiff, the plaintiff may also testify in rebuttal of their evidence.
2. A medical diploma from a college in another state, is not admissible in evidence, except upon proof thereof and of the charter of the college, under the ruling in 27 *Ga.*, 76.
3. A charge which is not supported by any evidence in the case, is inapplicable thereto, and should not be given.
4. Sayings of witnesses to third persons are admissible to impeach or discredit them, when the proper foundation therefor is laid.

Witness. Evidence. Diploma. Charge of Court. Before Judge Crawford. Randolph Superior Court. May Term, 1877.

Reported in the opinion.

B. S. WORRILL, for plaintiff in error.

H. & I. L. FIELDER, by Z. D. Harrison, for defendant.

JACKSON, Judge.

This was a suit brought by Dr. C. C. Burke, against Parkerson, administrator of Mrs. Bruner, for medical services rendered deceased. The jury, under the charge of the court, found for the plaintiff; the defendant made a motion for a new trial, on grounds therein alleged, which was overruled, and defendant excepted. The administrator, it appears from the record, was willing to pay the debt, but the heirs objected and required him to defend. He reserved enough money to pay the debt if found for the plaintiff, and was dismissed from administration with the understanding that he was to answer this suit.

1. The first ground for the new trial is that the testimony of the heirs at law having been admitted, the plain-

tiff was allowed to be sworn to rebut their evidence, touching what transpired between Mrs. Bruner and the plaintiff about the account. As these heirs were real parties in interest, and had been sworn about the discharge of the doctor by the intestate in his presence and theirs, we think that he could rebut what they said about her sayings to him. They would have been incompetent but for the evidence act, and when that act admitted them to testify, though parties in interest, its reason and spirit admitted him to answer them in respect to the same transaction.

2. It appears from the record, also, that one plea of defendant was, that Dr. Burke was not a licensed physician, nor a graduate from a Georgia medical college, and not entitled, by law, to collect his accounts. The defendant, also, at first pleaded that he was licensed by a college at New Orleans, but his attention being called to the admission by the court during argument, he struck it out of his plea. Whereupon plaintiff offered in evidence a diploma from the New Orleans college, but with no proof thereof, or of the charter of the college, and it was admitted. This is in the teeth of the decision of this court in 27 *Ga.*, 76, and we have no option but to reverse it. When the pleas were amended by striking out the part in regard to the college at New Orleans, and the graduation of plaintiff there, that fact ceased to be an admission, and the plaintiff had to prove his case as before there was any admission. On allowing the amendment, the court might have imposed terms, and continued the case, or exacted costs, or anything of that sort, but when the case went on, the proof should have been only such as the law sanctioned.

3. The court charged the jury that if Burke practiced medicine on the first of January, 1863, or if the account was made in 1874, the plaintiff need not have a license to practice, and could collect his accounts.

The charge stated the law correctly, but there was no proof to authorize it as applicable to this case, so far as this record discloses. It is clear, from his own evidence, that

the plaintiff practiced in Florida from 1860 for several years—as many as eight—before he came back to Georgia, and we think that the exception in the Code of those physicians who were in practice from 1863, from the operation of the license act, applies only to physicians in practice in Georgia.   Code, §1406 ; 17 *Ga.*, 595.

So in regard to the act of February, 1874, (acts of 1874, page 17) there is no proof in this record that the account was made in 1874, but it is proven by the books of the doctor that it was made in 1873, before the act of 1874.

The bill of particulars alleges that it was in 1874, but there is no proof in the record to sustain it.   From the brief of counsel for plaintiff, it is probable that it was omitted in the brief of evidence agreed upon and approved, and hence the presiding judge really had evidence to sustain the charge ; but the record is our guide, and neither that nor the bill of exceptions, contain any evidence to make the charge applicable.

·4. Another ground of complaint is, that one McDonald was allowed to testify as to the sayings of a portion of these heirs at law.   Though the heirs may have been the real parties in interest, yet only some of them admitted the correctness of the account, and they could not bind the others. The evidence was admissible, however, to affect their credit, as they had been sworn, and the sayings were in antagonism to what they testified.   If the proper foundation was laid, it was admissible in this view.

We feel compelled, however, to grant a new trial, on the admission of the diploma, and the charge of the court.

See 7 *Ga.*, 370 ; 8 *Ga.*, 78 ; 10 *Ga.*, 570 ; 18 *Ga.*, 693 ; 21 *Ga.*, 365 ; 27 *Ga.*, 76 ; 30 *Ga.*, 38 ; 36 *Ga.*, 559 ; 41 *Ga.*, 627.

Judgment reversed.