## HAWORTH *v.* MONTGOMERY.

## (*Knoxville.* November 17, 1891.)

PHYSICIANS. *Practicing without license not entitled to recover compensation for services rendered.*

Physician cannot recover compensation for professional services rendered since Act 1889, Ch. 178, went into effect—viz., on June 3, 1889—unless he had, prior to rendering such services, qualified himself to practice medicine in this State by obtaining the certificate of authority required by that Act, and having it duly recorded as therein prescribed.

Act construed: Acts 1889, Ch. 178.

FROM RHEA.

Appeal in error from Circuit Court of Rhea County. ARTHUR TRAYNOR, J.

S. W. SWABY for Haworth.

FRED L. MANSFIELD and W. B. MILLER for Montgomery.

LURTON, J. Plaintiff in error, claiming to be a practitioner of medicine, sued the defendant upon

an account for medical services rendered between December 18, 1889, and January 20, 1890. There was a judgment for the defendant.

By the first section of Chapter 178 of the Acts of 1889 it is provided "that no person shall practice medicine in any of its departments, except dentistry, within this State, unless such person possess all the qualifications required by this Act." The Act then proceeds to prescribe the manner in which one may continue or enter upon the practice of the medical profession.

By Section 2 of same Act, it is provided "that all persons who shall be in the actual practice of medicine or surgery in the State at the time of the passage of this Act, shall, within six months after this Act takes effect, be required to make satisfactory proof of this fact to the County Court Clerk of the County in which he resides, when said County Court shall issue a certificate in accordance with the facts, and such certificate shall entitle the lawful holder thereof to all the privileges contemplated in this Act. A certified copy of this certificate shall be forwarded to the State Board of Medical Examiners."

This Act was passed April 3, 1889, and took effect June 3, 1889, sixty days after its passage. Miss Haworth did not comply with this provision within the six months prescribed by the Act, nor obtain a certificate from State Examiners as otherwise provided in that Act. At the time the services sued for were rendered, she was not a

2—7 p

person authorized to practice medicine in this State, and by the fourteenth section of the Act was liable to the penalty of twenty-five dollars for practicing without license.

Plaintiff in her evidence states that on February 25, 1891, she did register herself before the County Court Clerk and obtain his certificate. This was after the services rendered to defendant, and was done by virtue of the provision in the Act of 1891, Chapter 109, amending the Act of 1889. By this amendment the time within which an actual practitioner might register before the County Court Clerk and obtain the certificate provided by the second section of the Act of 1889 was extended to July 1, 1891. This cannot help plaintiff's case, for at the time she attended defendant she was prohibited from practicing, and her subsequent registration and compliance with the law can have no retrospective effect.

Plaintiff says that prior to this compliance with the law, she had obtained what she calls a "temporary license," but cannot say that she had this "temporary license" at time she attended defendant. She admits that this "temporary license" was never recorded as required by Section 9 of Act of 1889. This section requires that "every person holding a certificate from the State Board of Medical Examiners, or the County Court Clerk, shall have it recorded in the office of the County Court Clerk in which he resides, and the date of record shall be indorsed thereon. Until such record is made,

Haworth *v.* Montgomery.

the holder of such certificate shall not exercise any of the rights or privileges therein conferred to practice medicine."

In view, therefore, of the plain provision of this section, it cannot matter what the character of her "temporary license" was, inasmuch as it was not recorded. The contract sued upon was one expressly prohibited by the statute. Where a statute has for its manifest purpose the promotion of some object of public policy, and prohibits the carrying on of a profession, occupation, trade, or business, except in compliance with the statute, a contract made in violation of such statute cannot be enforced.

This is familiar law, and the judgment must be affirmed.