HENRY R. BOHN *v.* RICHARD J. LOWERY.

1. CONTRACTS. *Illegal consideration. Public policy.*

   A contract founded upon an illegal consideration, or one contrary to public policy, is void, and no action can be maintained thereon.

2. PHYSICIANS. *License. Code* 1892, §§ 1258, 3243. *Laws* 1896, *p.* 79.

   A physician who practices medicine in this state, as defined by laws of 1896, p. 79, without a license, as required by code 1892, §§ 1258, 3251 *et seq.*, cannot recover for professional services rendered a patient while so practicing.

3. SAME. *Temporary license. Code* 1892, § 3251. *Accident.*

   In such case the action is not aided by the plaintiff's prior enjoyment of a temporary license, under code 1892, § 3251, providing therefor, although his sickness or an accident prevented his obtaining a permanent one.

From the circuit court of Harrison county.

HON. THADDEUS A. WOOD, Judge.

Bohn, the appellant, a physician, was the plaintiff in the court below; Lowery, the appellee, was defendant there. The action was upon an account for professional services rendered by the physician to defendant during a severe illness of the latter. It was shown by way of defense that the services were rendered without compliance by plaintiff with the statute making it unlawful to practice medicine without a license. The court below decided the defense good and the man of medicine appealed to the supreme court.

*W. H. Maybin,* for appellant.

From a legal standpoint, all wrongs are divided into two classes: First, those things that are wrong in themselves. Second, those things which are made wrong by operation of law. At no time in the life of jurisprudence has it been wrong

in itself to practice medicine as a profession, so, if wrong at all, the wrongdoing is consequential of some inhibitory statute, and in this state we find that two statutes alone have been enacted by the legislature in reference to the practice of medicine: By § 3243 of the annotated code, all persons desiring to practice medicine, permanently, in the state of Mississippi, are required to be first examined and licensed by a board of examiners created for the purpose, and § 1258 fixes the penalty for the violation of § 3243. The two statutes construed together, and it is submitted that so far as the case at bar is concerned, they cannot be construed separately, mean simply that if any person shall practice the profession of medicine in Mississippi without having first been examined and licensed, such person shall, upon conviction, be fined or imprisoned, or both. To say that these statutes are penal statutes and must be strictly construed would be like announcing that white is the absence of color. To construe these statutes strictly is to simply say that the legislature intended to limit the punishment for their violation to a fine or imprisonment, or an infliction of both, and as the statutes here end, and there being nothing in their text from which anything else can be deduced, other than what is their plain wording, and as these statutes end in plain language, the courts are powerless to affix or inflict an additional penalty. It is the object of the construction of penal statutes, as of all statutes, to ascertain the true legislative intent, and the courts will not apply such statutes to cases which are not in the obvious meaning of the language employed, even though they be within the mischief intended to be remedied. 8 Pick. (Mass.), 370; 79 Iowa, 560; 74 Am. Dec., 522; 43 Minn., 444; 42 Am. & Eng. R. R. Cases, 623; 74 Cal., 38; 40 Fed. Rep., 636; 42 Fed. Rep., 22; *State* v. *Finch,* 37 Minn., 433; *United States* v. *Wiltberger,* 5 Wheaton (U. S.), 76; Dwarris on Statutes, 736; *Merrill* v. *Melchior,* 30 Miss., 516; *Sneed* v. *The Assurance Co.,* 72 Miss., 51; *Harris* v. *Runnels,* 12 How. (U.-S.), 78 *et seq.*

*A. Y. Harper* and *W. R. Harper,* for appellee.

Whenever a law is passed for the protection of the public and to prevent improper and incompetent persons from engaging in particular callings and professions, the well-established rule is that if a penalty is pronounced in such cases it carries with it a condemnation of all contracts growing out of the violation of the law, without any express declaration that such contracts shall be void. Black's Interpretation of Law, 64; *Dean* v. *McLendon,* 30 Miss., 343; 18 Am. & Eng. Enc. of Law, 435; *Harrison* v. *Jones,* 80 Ala., 412; *O'Donnell* v. *Sweeney,* 5 Ala., 468; *Fox* v. *Dixon,* 12 N. Y. Sup., 257; *Oscanyan* v. *Winchester Arms Co.,* 103 U. S., 267; *Woods* v. *Armstrong,* 54 Ala., 151; *Renfre* v. *Lloyd,* 64 Ala., 94; *Guilding* v. *Driver,* 99 Ga., 623.

Argued orally by *W. H. Maybin,* for appellant, and by *W. R. Harper,* for appellee.

Terral, J., delivered the opinion of the court.

By the common law a contract founded upon an illegal consideration, or one made against public policy, is void, and no action can be maintained thereon. And where the doing of an act is prohibited by legislative authority, under a penalty, it cannot constitute a consideration to support a contract.

The illegality, whether arising by the common law or from the statute, affects the act or contract with like infirmity. An exception to this rule of law prevails where the penalty is imposed on the offending party merely for the purpose of revenue and not to prohibit the act done, or avoid the contract.

In *Gremare* v. *Valon,* 2 Camp., 144, Lord Ellenborough refused a new trial in a case where an unlicensed surgeon had recovered a judgment for his services, solely on the ground that the defendant had offered no proof that the plaintiff was unlicensed, clearly implying that if the proof had been in, the plaintiff could not have recovered.

In *Langton* v. *Hughes,* 1 Maule & Sel., 593, Lord Ellenborough declared "that what is done in contravention of the provisions of an act of parliament cannot be made the subject of an action."

In *Bartlett* v. *Vinor,* Carth., 252, Lord Holt announced the rule that has become the formulary of the text-books: "Every contract made for, or about, any matter or thing which is prohibited and made unlawful by any statute, is a void contract, though the statute itself does not mention that it shall be so, but only inflicts a penalty on the defaulter; because a penalty implies a prohibition, though there are no prohibitory words in the statute."

*Smith* v. *Mawhood,* 14 Mees. & W., 452, established the exception that a penalty imposed for the collection of the public revenue merely did not fall under the ban of the law.

We find authority in our own state in *Deans* v. *McLendon,* 30 Miss., 343, in support of the general rule, and in the privilege tax law, § 3401, code, we find legislative construction in favor of the exception made by Parke, B., in *Smith* v. *Mawhood.*

That Dr. Bohn was a graduate of the medical department of Tulane University and a skilful physician is not to the purpose. He had no license when he performed the services upon which the action is founded. His temporary license had expired in May, 1898, and he was disabled by sickness from obtaining a permanent license at the May meeting of the board, which doubtless he would have done if he had been before it; but that was his misfortune. Looking back it seems that it would have been a reasonable and wise provision of law that it should have authorized the board of health to extend a temporary license for inability to attend a meeting of the board on account of sickness or other adequate cause. But it is for the legislature to insert such provision, and not for the court to engraft it.

*Affirmed.*