STATE OF IOWA v. J. H. ZECHMAN, Appellant, and STATE OF IOWA v. J. E. ZECHMAN, Appellant.

**Physicians:** LICENSE: RECORDING. A physician who has procured a license to practice and has had it recorded in the county of his residence, is entitled to practice in any county of the State without any further record of the certificate, unless he changes his residence, or is an itinerant physician.

**Same:** INDICTMENT: SURPLUSAGE. Where an indictment charged a physician with practicing medicine without having procured a license, the additional charge of failing to have the same recorded was mere surplusage; and instructions on the subject of recording the license were not prejudicial.

**Same:** PRACTICE OF MEDICINE: LICENSE: INSTRUCTIONS. Where it appeared on a prosecution for practicing medicine without a license that defendants professed to be members of a certain school, maintained an office and held themselves out to treat patients for disease, and did so without having a license from the board of medical examiners, they were guilty of violating the statute requiring a license, in so far as they devoted themselves to and employed means for healing the sick; and they were not prejudiced by instructions to the effect that they might be convicted if without license they publicly professed to cure and heal, or devoted themselves to and employed means to cure, heal and alleviate pain, although the statute does not specifically refer to such acts.

**Same:** APPLICATION OF STATUTE. The statute requiring a license to practice medicine applies equally to physicians who hold themselves

out as such and publically profess to cure and heal, as to those who make a practice of prescribing for the sick.

*Appeal from Polk District Court.*—HON. HUGH BREN-NAN, Judge.

TUESDAY, NOVEMBER 12, 1912.

THE defendants were separately indicted, tried, and convicted for the crime of illegal practice of medicine, and each has appealed from such conviction.—*Affirmed.*

*Morris & Hartwell,* and *F. G. Ryan,* for appellants.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for the State.

McCLAIN, C. J.—As the appeals in these two cases involve the same questions, they may well be considered and decided together.

I.   The charge in the indictment in each case was that the defendant in Polk county "did wilfully and unlawfully practice medicine and then and there publicly professed to be a surgeon, physician and obstetrician and assume the duties of such and make a practice of prescribing and furnishing medicine for the sick and publicly professed to cure and heal;" and, further, that the defendant "then and there did not have a certificate from the proper authorities so to practice and did not file with the county recorder of Polk county any such certificate to practice." And the court instructed the jury in each case that if defendant did publicly profess to cure and heal, etc., in Polk county without having procured a license, and filed the same with the county recorder of Polk county, then the defendant might be found guilty.

The particular complaint for the appellants is that

the indictments charged a failure to file a license with
the county recorder of Polk county, without any allegation
that defendant was a resident of that county,
and that the court instructed the jury in
each case that the practice of medicine in
Polk county by defendant without recording a license in
that county would constitute a crime, although there was
no allegation or proof that the defendant was a resident
of that county. The construction of the statute relied
upon for the defendants is unquestionably correct, for it
is provided in Code, section 2577, that the certificate of
license granted by the state board of examiners shall be
filed for record "in the office of the recorder of the county
in which he (the person licensed to practice) resides,"
and that "the same record must be made of the certificate
in any county to which the holder may remove and in
which he proposes to practice." Plainly, under these
statutory provisions, a practitioner who has procured the
proper certificate or license, and has had it recorded in
the county of his residence, is entitled to practice in any
county in the state, unless he is an itinerant physician as
described in Code, section 2581; and he is required to
have it recorded in another county only in the event of
a change of residence. Neither the indictment nor the
evidence negatives the residence of the defendants in an-
other county in the state, and the fact alone of the practice
of the defendants in Polk county without filing of a
certificate in that county does not make out a case against
the defendants in that respect.

But we think that any prejudice to the defendants
from the error of the court in the instructions to the
jury in the matter here referred to is clearly negatived by
the record. The indictments sufficiently
charged the defendants with practicing
in Polk county without having a cer-
tificate from the proper authorities so to practice. If

1. PHYSICIANS: license: recording.

2. SAME: indictment: surplusage.

the defendants did not have such certificates then their practice in Polk county or any other county in the state was unlawful without regard to the filing of a certificate in Polk county or any other county; for, if defendants did not have certificates, no such certificates could be filed anywhere. The charge of practicing without having procured certificates is fully made out in the indictment, and the additional charge of failure to file with the recorder of Polk county is in this respect surplusage. The charge of illegal practice of medicine, so far as these defendants are concerned, is fully made out by the allegation that they practiced medicine in Polk county without having any certificate entitling them to so practice.

Now it appears from the record that the defendants had no certificates whatever from the board of medical examiners of the state. They were, therefore, not entitled to practice medicine in any county of the state, and the county of residence was necessarily immaterial. The jurors could not have possibly predicated their verdicts on the failure of the defendants to record certificates in the proper county. They can not, therefore, complain that, with reference to the recording of certificates which confessedly they never had, the jurors were improperly instructed.

II.   There is also a complaint for appellants that the jurors were improperly instructed as to what constitutes a practice of medicine without a certificate as provided by the statute. In each case the court properly defined the practice of medicine, as described by Code, section 2579, and in several instructions told the jury, in effect, that, under the statute, it is unlawful without a certificate to "profess to be a physician, surgeon or obstetrician and assume the duties" of such profession or to make "a practice of prescribing or furnishing medicine for the sick," or to "publicly profess to cure or heal." But the court further instructed the jury that defendants might be convicted on a finding that with-

3. SAME: practice of medicine: license: instructions.

out certificates they "did publicly profess to cure or heal" or did devote themselves to and employ "means of curing and healing and alleviating pain," and, further, that defendants might be found guilty if it appeared that they "performed any services in a professional capacity in attempting to cure or heal or alleviate pain in those who applied" to them for treatment. The complaint of appellant in this respect is that persons, not physicians, may "devote themselves to curing, healing and alleviating pain" without any violation of the statute. And it is suggested that a nurse or a mother of an infant is not guilty of the illegal practice of medicine without a license, although devoted "to curing, healing and alleviating pain." It must be confessed that in using the language complained of the court did not accurately state the provisions of the statute, for we do not find in the statute any specific reference to the act of devoting one's self to and employing means of "curing and healing and of alleviating pain." It may well be suggested, however, that neither a professional nurse nor the mother of an infant devotes himself or herself to the employment of means of curing and healing and of alleviating pain.

However this may be, the record in this case shows without any possible ground of controversy that the defendants professed to be chiropractics, maintaining an office in Polk county, holding themselves out to treat and treating patients for disease, with the purpose of curing and healing, holding diplomas from a chiropractic school; and that they did so without having procured certificates from the state board of medical examiners. In view of these undisputed facts, it is plain that even in devoting themselves to and employing means of curing and healing and of alleviating pain without licenses they violated the statute. *State v. Heath,* 125 Iowa, 585; *State v. Corwin,* 151 Iowa, 420. While, therefore, the language used by the court, as above indicated, was in some respects inapt, it

could not possibly have misled the jury into the error of finding guilt without proof beyond a reasonable doubt that defendants either professed to be physicians or made a practice of prescribing and furnishing medicine for the sick or publicly pretended to cure or heal.

The contention in argument for appellants that one who advertises and holds himself out as a chiropractic is not within the provision of the statute unless he actually undertakes in specific cases to cure and heal is not well founded. It is true that in *State v. Corwin, supra*, it appeared that defendant in that case not only advertised himself to practice according to that system, but also undertook in specific cases to heal. The statute applies equally to those who profess to be physicians and assume the duties of such profession and publicly profess to cure or heal and to those who make a practice of prescribing for the sick. That defendants did make a practice of prescribing their method of treatment for sick persons appears for their own testimony; but whether they did so or not, if they held themselves out as publicly professing to cure or heal, they were required to have certificates.

4. SAME: application of statute.

Finding no error in the record which could possibly prejudice the defendants in the presentation of their cases to the jury, we reach the conclusion that the conviction in each case must be, and is,—*Affirmed*.