H. L. LYON, Appellant, v. JASPER LEET, Appellee.

CONTRACTS: Legality of Consideration—Professional Practice Without License. A person who is practicing medicine—publicly professing to cure disease—without the required statutory license may not recover on a promissory note given for such services.

Headnote 1: 30 Cyc. p. 1593.

*Appeal from Mills District Court.*—E. B. WOODRUFF, Judge.

APRIL 7, 1925.

SUIT on a promissory note. The defense was that the note was given for an unlawful consideration. The case was submitted upon an agreed state of facts, and the court dismissed the plaintiff's petition, and he appeals.—*Affirmed.*

*W. S. Lewis,* for appellant.

*H. M. Logan,* for appellee.

FAVILLE, C. J.—The cause comes to us upon the certificate of the trial court. It appears from the agreed state of facts that, in the month of March, 1917, appellant was engaged in the practice of the profession known as chiropractic, and maintained an office therefor, and publicly professed to cure or heal diseases; that, on or about said time, appellee was afflicted with

a physical illness, and applied to appellant for treatment for said disease; and that appellant undertook to cure appellee of said disease, by the application of the methods known as chiropractic treatment. It appears that appellant administered said treatment for a period of some seven weeks, and thereafter rendered appellee a bill for services in the sum of $150, one half of which was paid by appellee, and the other half is represented by the note in suit in this action.

The services were rendered some four years prior to the enactment of Chapter 7, Acts of the Thirty-ninth General Assembly, regulating the practice of chiropractic in this state.

At the time the services were rendered, in payment for which the note in suit was given, Section 2579 of the Code of 1897 was in force. It provides, in part, as follows:

"Any person shall be held as practicing medicine, surgery or obstetrics, or to be a physician, within the meaning of this chapter, who shall publicly profess to be a physician, surgeon or obstetrician, and assume the duties, or who shall make a practice of prescribing or of prescribing and furnishing medicine for the sick, or who shall publicly profess to cure or heal; * * *"

In this case, appellant comes within the prohibition of the statute, in that he was one who publicly professed to cure or heal. We have held that one so publicly professing to cure or heal without a license so to do, violates said statute, and is subject to the penalties provided for such violation. *State v. Heath,* 125 Iowa 585; *State v. Corwin,* 151 Iowa 420; *State v. Miller,* 146 Iowa 521; *State v. Zechman,* 157 Iowa 158.

It is the general and uniform holding of the courts that one who publicly professes to cure or heal, or holds himself out as a physician, without a license to practice medicine as such, cannot recover compensation for his services rendered in such capacity.

It is obvious that appellant in this case violated the statute, in publicly professing to heal or cure without a license so to do. The contract to compensate him for services so illegally rendered, was void. The note in suit, having been given as compensation for said services, is void in the hands of appellant, the original payee thereof.

As bearing on the question, see *Roberts v. Levy* (Cal.), 31

Pac. 570; *Gardner v. Tatum,* 81 Cal. 370 (22 Pac. 880); *Murray v. Williams,* 121 Ga. 63 (48 S. E. 686); *Orr v. Meek,* 111 Ind. 40 (11 N. E. 787); *Bohn v. Lowery,* 77 Miss. 424 (27 So. 604); *Haworth v. Montgomery,* 91 Tenn. 16 (18 S. W. 399); *Coyle v. Campbell,* 10 Ga. 570.

The judgment of the district court was correct, and it is—*Affirmed.*

Evans, Arthur, and Albert, JJ., concur.