## McBRIDE *vs.* McBRIDE.

On the trial of an action of complaint for land brought by one who claimed under a deed from one deceased against the executor of said deceased, individually and not as executor, who claimed under deeds to himself from legatees of said testator, after testimony had been introduced to show that plaintiff's deed had been cancelled or rescinded, (defendant contending that in the lifetime of testator plaintiff had delivered up this deed to him, and that it had been made to plaintiff in order to defraud deceased's creditors,) the plaintiff was

not a competent witness to show that when he delivered the deed to testator, it was merely for the purpose of aiding testator to write another deed; it not appearing that the witness which had been introduced by the defendant had any interest in the subject-matter in controversy.

(*a*) This action is not personal or real but is mixed, and is only for the recovery of the possession of land.

July 22, 1889.

Ejectment. Actions. Witness. Before ᴄudge HARRIS. Fayette superior court. September term, 1888.

Reported in the decision.

P. H. BREWSTER, for plaintiff.

BIGBY & DORSEY and JOHN I. HALL, for defendant.

BLANDFORD, Justice.

The plaintiff in error brought his action of ejectment to recover the possession of a certain parcel of land lying in the county of Fayette. The action was against A. J. McBride, Jr., executor of A. J McBride, Sr. The action of ejectment is not a personal or real action, but is a mixed action, brought alone for the recovery of the possession of land; and in this case it is not against the defendant as executor, but is against him individually, the possession of the land, as shown by the record, being in him.

On the trial of the case, after testimony had been introduced to show that a certain deed which had been put in evidence by the plaintiff had been cancelled or rescinded, the defendant contending that the plaintiff had delivered up the deed to A. J. McBride, Sr., in his lifetime, and that the same had been made by the deceased to the plaintiff in order to defraud deceased's creditors, the plaintiff was offered as a witness to show

that when he delivered the deed to A. J. McBride, Sr., in his lifetime, it was merely for the purpose of aiding A. J. McBride, Sr., to write another deed by. The record does not show that the witness which had been introduced by the defendant had any interest in the subject-matter in controversy. The court below, upon objection made by the defendant, ruled that the plaintiff was an incompetent witness, on account of the death of A. J. McBride, Sr., to testify to anything that took place between himself and the deceased, the title to the premises being derived by the parties, plaintiff and defendant, from A. J. McBride, Sr., the plaintiff claiming under a deed from the deceased, and the defendant claiming under deeds made to himself by certain legatees and under the will of A. J. McBride, Sr., the deceased.

The question in this case is, under the facts of the case, was the plaintiff, B. F. McBride, a competent witness? Certain decisions of this court have been referred to by the plaintiff in error, which he relied upon as showing the competency of the plaintiff. The case of *Wood vs. Isom*, 68 *Ga.* 417, was the first case relied upon by the plaintiff. The decision in that case was to this effect: One party to a transaction cannot testify to matters which occurred between him and the other party since deceased, yet he is competent to rebut testimony concerning transactions or conversations testified to by living witnesses introduced by the opposing party. But it does not appear from the record in that case whether the witnesses introduced were interested in the event of the suit then pending. It may be fairly presumed, from other decisions of this court, that the witnesses who testified in that case were interested. And to same effect is the case of *Parkerson vs. Burke*, 59 *Ga.* 100, where heirs at law caused defendant to defend

suit as administrator, and they testified in the case. Plaintiff was allowed to testify.

In the case of *Stanford vs. Murphy,* 63 *Ga.* 410, this court held that an administrator was competent to testify in respect to transactions subsequent to the death of the decedent, but incompetent as to everything which transpired prior thereto between himself and the deceased; the matter in controversy in that case being a promissory note which the administrator claimed the estate of the deceased owed him, and the opposite parties being heirs at law of the deceased, and claiming that the note was a forgery or that the same had been paid off. And in the case of the *Planters' and Miners' Bank vs. Neel,* 74 *Ga.* 576, it was decided that the cashier of the bank, who had dealings with the deceased person, was competent to explain what transpired between himself as such cashier and the deceased, where testimony had been introduced by the representative of the deceased showing the sayings of the cashier, or admissions made by him.

It is very clear that these decisions do not cover the case at bar. They seem to be put upon the equitable idea that where witnesses have been introduced, the other party may rebut their testimony, although according to the strict letter of the evidence act they would propably have been incompetent to testify. In the case of *White vs. White,* 71 *Ga.* 670, the plaintiff in that case was allowed to testify that he owned the property in controversy, although the person who originally owned it was dead. The gift which the plaintiff relied on was proved by other witnesses who were disinterested. The case of *Scott vs. Mathis,* 72 *Ga.* 119, was an action of trespass *quare clausum fregit.* The title to the land was not involved in that case, and this court held that the plaintiff was competent to tes-

tify as to her possession of the land, that her husband had bought it from her father and paid him for it, although he received no deed, the father and the husband both being dead. We think that case stands upon a different principle from the present case. In the present case the title to the premises in dispute was directly involved in the action, it being an action of ejectment. These are the main cases relied on for the plaintiff in error, and in our opinion they do not cover the present case.

But the case of *Niles vs. Groover*, 73 *Ga.* 808, is more like the present case; indeed it runs nearly all fours with it. In that case, the plaintiff claimed title under one who had a deed from the defendant, but who was dead at the time of the trial. It was held that the defendant was incompetent to show that such deed was not delivered to the deceased. The proposition here is, to allow the plaintiff in this case to testify that a deed made by a deceased person to himself had never been rescinded or cancelled or delivered up to such deceased person in his lifetime. We think the principle decided in the case of *Niles vs. Groover*, *supra*, covers the present case, and that the plaintiff in this case was not a competent witness to testify, he falling within the proviso to section 3854 of the code, which proviso is in the following language : " Where one of the original parties to the contract or cause of action in issue or on trial is dead, or is shown to the court to be insane, or where an executor or administrator is a party in any suit on a contract of his testator or intestate, the other party shall not be admitted to testify in his own favor."

Judgment affirmed