## CALDWELL MILLING & ELEVATOR COMPANY v. L. L. MAY COMPANY.[1]

December 20, 1918.

No. 21,017.

**Evidence — conversation with deceased person — officer of corporation interested.**

    1. The president of a mercantile corporation is presumptively a director and a stockholder and a person interested in the event of an action against the corporation, and under G. S. 1913, § 8378, he is presumptively incompetent to give evidence concerning a conversation with a deceased person relative to a matter at issue in the action.

**Same — statute not waived by opposite party.**

    2. The opposing party does not waive the provisions of this statute by introducing the testimony of a competent witness as to such a conversation.

Action in the district court for Ramsey county to recover $1,001.75 for onion seed sold and delivered. The facts are stated in the opinion. The case was tried before Michael, J., who made findings and ordered judgment in favor of plaintiff for $951.70. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*O'Brien, Young, Stone & Horn,* for appellant.

*E. P. Sanborn,* for respondent.

HALLAM, J.

1. Action to recover the agreed price of a quantity of onion seed. The defense was breach of warranty. The court found for plaintiff. Defendant appeals. The sale was verbal. D. M. Hamilton, plaintiff's

[1]Reported in 169 N. W. 797.

traveling salesman, conducted the negotiation for plaintiff, and L. L. May, then president of defendant company, but since deceased, conducted the negotiation for defendant. Hamilton testified that the agreement was that the seed was sold by sample, subject to the right of defendant to test the sample before shipment, and that a true sample was furnished and tested and accepted. The defense alleged and relied upon was, that the parties agreed upon a warranty that at least 95 per cent of the seed furnished would grow, and that in fact less than 50 per cent of it did grow.

Defendant called L. L. May, Jr., who at the time of the trial was president of defendant company and offered to prove by him that he heard the conversation between L. L. May and Hamilton, and that there was in fact a warranty agreed upon as alleged in the answer. The court excluded this testimony as incompetent under G. S. 1913, § 8378, which provides: "It shall not be competent for any party to an action, or any person interested in the event thereof, to give evidence * * * of or concerning any conversation with * * * a deceased * * * party or person relative to any matter at issue between the parties, unless the testimony of such deceased * * * person concerning such conversation * * * given before his death * * * has been preserved, and can be produced in evidence by the opposite party, and then only in respect to the conversation or admission to which such testimony relates." The propriety of this ruling is the one question on this appeal.

Upon the evidence in the case the court properly held that L. L. May, Jr. was interested in the event of the action. He was the president of defendant, a mercantile corporation. The law requires the president of such a corporation to be a director (G. S. 1913, § 6172), and requires a director to be a stockholder. Section 6171. It is presumed that this corporation was doing business in obedience of these laws, and that accordingly the witness was a stockholder in defendant corporation. There is no evidence to the contrary. A stockholder of a corporation is a person interested in the event of an action against the corporation. Peterson v. Merchants Ele. Co. 111 Minn. 105, 109, 126 N. W. 534, 27 L.R.A.(N.S.) 816, 137 Am. St. 537. L. L. May, Jr., was accordingly

not a competent witness to the conversation between deceased and Hamilton.

2. Defendant contends, however, that plaintiff waived the provision of this statute by offering the evidence of Hamilton as to the same conversation with deceased.

The provision of this statute may be waived. The party claiming the benefit of this statute must himself respect its terms. For example, if one party examines a witness, incompetent under the statute, as to part of a conversation with a deceased person, he opens the door to the admission of the whole conversation. In re Hess' Estate, 57 Minn. 282, 59 N. W. 193; Stair v. McNulty, 133 Minn. 136, 157 N. W. 1073. Other decisions hold that, where one interested party testifies as to his version of such a conversation, the other may then give his version. Jones, Comm. on Evidence, § 781, p. 734. No such situation is presented in this case. The question here is whether the plaintiff waived the provision of this statute by introduction of the testimony of a witness who is competent under the statute to testify as to such a conversation. This statute operates to suppress evidence and it should be strictly construed. But it must be fairly construed. We cannot justify the construction of the statute urged by defendant. The testimony of a witness not interested in the event of the action is available to either party who may call him to testify as to such a conversation, and we see no tenable ground for holding that a party waives the statute by introducing such competent testimony. The production of such competent testimony does not give the other party the right to introduce testimony which the statute declares incompetent. Redding v. Godwin, 44 Minn. 355, 360, 46 N. W. 563; McBride v. McBride, 82 Ga. 714, 9 S. E. 1111; Jones, Comm. on Evidence, § 783, p. 762.

Order affirmed.