E. Tris Napier Company *v.* Gloss *et al.*

Fish, C. J.  This is an equitable action brought by two plaintiffs against the defendant to have a conveyance of land absolute on its face declared to be a security deed.  The petition alleged that the plaintiffs were the sole heirs of the grantor in the instrument, who died intestate in the possession of the land; that the plaintiffs as heirs are in possession; that the estate owed no debts except the one for which the deed was given to secure, which debt the plaintiffs had offered to pay prior to the bringing of the suit, the tender being refused by the defendant, and which they offered, upon an accounting in the suit between them and the defendant, to pay in full.  Demurrers to the petition were filed, as follows:  (1) "That it set forth no cause of action at law or in equity.  (2) Defendant demurs to said petition generally upon the ground that no proper persons plaintiff are joined in said petition, under the facts pleaded therein." The demurrers were overruled, and defendant excepted pendente lite.  Defendant contended that the conveyance involved was not given to secure a loan made by defendant to the decedent, but was an absolute deed, as it purported to be, for the sale of the land by the decedent to the defendant.  On the trial the jury found that the conveyance (dated June, 1915) was given to secure a loan at a usurious rate of interest, and that the amount of principal and legal interest due by plaintiffs to the defendant on the loan was $830.  A decree was entered in accordance with the verdict.  Defendant moved for a new trial, and upon the hearing the court passed an order to the effect that it was manifest that the jury in making an accounting had failed to give the defendant credit for $797.22, with interest thereon from August 2, 1917, this amount being the difference between $1250 paid by defendant as a part of the indebtedness due by plaintiffs to defendant in the transaction involved, and $465 which plaintiffs paid on such indebtedness; and further, that the jury had failed to give the defendant credit for the rent for two years for other land involved in the transaction which plaintiffs held for that time, and which one of the plaintiffs testified was worth for rental the sum of $50 a year, there being no other evidence as to the value of the rent, the order providing that the fifty dollars for each year's rental should bear interest at 7 per cent. from the time such rent was due.  The order further declared that the motion for new trial was overruled on condition that plaintiffs should, within ten days from date, file in the office of the clerk of the court a written consent by counsel of record for plaintiffs to the correction of the verdict and judgment by adding thereto $897.22, plus interest thereon, that being the sum of the amounts above stated, thus making the verdict and judgment as amended the amount of $1727.22, in addition to interest thereon to be paid by the plaintiffs to the defendant, instead of $830, as found by the jury to be so paid.  The plaintiffs filed a written consent within the time limit, and the motion for a new trial stood as refused.  The defendant excepted, assigning error upon the refusal of the motion on all the grounds stated therein, and on the ground that the judge was not authorized by law to change the verdict

36

and judgment as to the amount the plaintiff should pay the defendants, movant contending "that the court itself reconciled conflicts in evidence in making said correction and invaded the province of the jury, which the court had no power to do." Error is also assigned on the exceptions pendente lite. *Held*:

1. The petition set forth an equitable cause of action; and even if the second ground of demurrer can be construed as raising the point that the plaintiffs could not maintain the action, but that it should have been brought by an administrator, or that it should have been alleged that there was no administrator, the demurrer so construed was without merit. See *Eton Mercantile &c. Co.* v. *Pickering*, 145 *Ga.* 139 (88 S. E. 568).

2. The change of the verdict and the judgment thereon made by the court in adding thereto certain definite and specific amounts to which the defendant was manifestly entitled to credit on the accounting made by the jury, and which they failed to allow, and which the plaintiffs agreed to pay, did not, under the facts, furnish meritorious exception on the part of the defendant.

3. No error is made to appear in any of the grounds of the motion for new trial.

*Judgment affirmed. All the Justices concur, except Gilbert, J., disqualified.*

No. 1682.  SEPTEMBER 29, 1920.

Equitable petition.  Before Judge Mathews.  Bibb superior court.  August 18, 1920.

*Miller & Garrett,* for plaintiff in error.

*Miller & Jones,* contra.