18390. SANDERS *v.* SANDERS *et al.*, Executors.

WYATT, Presiding Justice. Williford Sanders and Young Sanders, as executors of the estate of Guy Sanders, deceased, filed their petition in equity against H. T. Sanders, seeking to cancel a mortgage note in the amount of $1,000. They alleged that there was no consideration for the note, that deceased never received the $1,000 at the time the note was executed or at any other time. The suit was filed October 25, 1950, was duly served, and answers and demurrers were filed. Thereafter,

the plaintiffs in the court below amended their petition and prayed for process. Thereupon, the trial court ordered that the defendant in the court below be served with a copy of the petition and process, which was done. The defendant then renewed his demurrers, answer, and cross-action to recover on the note in question, and also filed a plea in abatement. The trial judge, by agreement, passed upon the plea in abatement without the intervention of a jury and found against the plea in abatement. The trial before a jury resulted in a verdict in favor of the plaintiffs in the trial court. A motion for new trial as amended was duly overruled. The exception here is to that judgment. *Held:*

1. It is contended that the general demurrer to the petition should have been sustained for the reason that the petition admitted an indebtedness of $21. This contention is without merit for the reason it does not appear that this indebtedness was on the obligation sought to be canceled.

2. The next question presented is whether or not the plea in abatement should have been sustained. The brief of evidence on this question is very unsatisfactory. It seems, however, that the clerk of the trial court, when the original suit had been amended by praying for process, made a complete copy of the suit and amendment, had this served on the defendant, placed a copy in the back or covering of the original suit, and put a new filing date on the back or covering of the original suit. The service of the copy of the original suit and amendment with process was in compliance with the order of the court on the amendment. The clerk simply improperly put into the cover or backing of the original suit another copy of the suit, and placed the filing date on the back or cover when it should have been placed on the amendment. This was done by the clerk without any request by the petitioners or their attorneys to do so, and there was only one number given to the proceeding. We hold that this action on the part of the clerk, without any instruction to do so, did not amount to the filing of a new suit. It follows, there is no merit in the plea in abatement.

3. In so far as the general grounds of the motion for new trial are concerned, it is sufficient to say there was evidence to support the verdict of the jury.

4. Special ground one complains because the trial court refused to admit in evidence a letter written by the defendant in the court below and addressed to the executor, who was the plaintiff in the court below, enclosing a copy of the note in question. The copy of the note and the return receipt card were admitted in evidence, but the letter was excluded. Since the letter was clearly self-serving in nature, it was not error to exclude same.

5. The second special ground complains because the trial court refused to permit the defendant to answer the following question: "Did you make any statement in the presence of Lonzo Martin to the effect, 'Guy you don't owe me anything. I gave you that money'." The witness Lonzo Martin had testified to the effect that the defendant had made that statement to the deceased in his presence. Under the provisions of Code § 38-1603 (1), this testimony by the defendant as to transactions or communications with the deceased were not admissible. It is con-

tended, however, that, since the witness Lonzo Martin had been offered by the plaintiffs in the court below and he had testified that the defendant had made this statement to the deceased in the presence of the witness, the defendant should be permitted to testify concerning the conversation with the deceased. *Parkerson* v. *Burke,* 59 *Ga.* 100, *Wood* v. *Isom,* 68 *Ga.* 417, and *Planters & Miners' Bank* v. *Neel,* 74 *Ga.* 576, are cited and relied upon by the plaintiff in error. In *McBride* v. *McBride,* 82 *Ga.* 714 (9 S. E. 1111), these cases are discussed and distinguished from cases such as the instant case. It is there pointed out that, for this exception to the general rule to apply, the witness thus sought to be impeached or contradicted must be a person interested in the outcome of the litigation, and that such interest must appear from the record or it will be presumed not to exist. The witness Lonzo Martin, who testified in the instant case, so far as the record discloses had no interest in the litigation. This being true, it was proper to refuse to permit the defendant in the court below to testify as to transactions or communications with the deceased.

6. It follows from what has been said above, no error appears.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED OCTOBER 14, 1953—DECIDED NOVEMBER 9, 1953—
REHEARING DENIED NOVEMBER 25, 1953.

*Kimzey & Kimzey, Hamilton Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*J. B. G. Logan, E. C. Stark,* contra.