## 21148.   BOWER v. CERTAIN-TEED PRODUCTS CORPORATION *et al.*

ARGUED FEBRUARY 13, 1961—DECIDED MARCH 9, 1961.

*Frank C. Vann,* for plaintiff in error.

*Bruce W. Kirbo, Vance Custer, Harold Lambert, Conger & Conger, Leonard Conger, Hemingway & Hemingway, Gambrell, Harlan, Russell, Moye & Richardson, E. Smythe Gambrell, James C. Hill, Harold N. Hill, Jr.,* contra.

MOBLEY, Justice. 1. The plaintiff contends that Associates Discount should be enjoined from proceeding with a sale of the property covered by its security deed for two reasons: first, because the advertisement of the sale of the property under power fails to show that the property is subject to certain other security deeds which constitute liens superior to that of Associates Discount, and that the sale by Associates Discount will be made

subject to such prior security deeds; and second, because the deed was given to secure the plaintiff's assumption of certain notes owed by Bower Co., Inc., and Bower Co. Florida, Inc., to Associates Discount, which said notes provide for the payment of usurious interest.

The petition does not allege that the plaintiff has paid or tendered to Associates Discount the amount he claims to be due under said security deed, and fails to allege any reason to excuse a tender on his part. "Under the codified long-recognized maxim that 'he who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject-matter of the suit' (*Code* § 37-104), a borrower who has executed a deed to secure debt is not entitled to an injunction against a sale of the property under a power in the deed, unless he first pays or tenders to the creditor the amount admittedly due." *Oliver v. Slack,* 192 Ga. 7 (14 S. E. 2d 593), and cits.; *Liles v. Bank of Camden County,* 151 Ga. 483 (107 S. E. 490). It need not be here determined whether or not, if a tender had been made, equity would interfere and enjoin the sale by Associates Discount under the facts of the petition. No facts are alleged which would excuse payment or tender of payment by the plaintiff, and it was not error to sustain the general demurrer of Associates Discount.

2. With respect to the foreclosure proceedings instituted by Certain-Teed, which the plaintiff seeks to enjoin, it is alleged that the security deed was given as security for the plaintiff's endorsement of a certain promissory note of Bower Co. Florida, Inc., in the amount of $30,000; that, subsequently to giving said deed, the plaintiff, as joint maker, executed two new notes totaling $30,000, one being payable to Certain-Teed for $23,627.40, and the other to Bestwall Gypsum Company for $6,372.60; that the execution of the new notes constituted a novation and satisfaction of the original indebtedness, and said deed is therefore null and void; that Certain-Teed is seeking to foreclose said deed to satisfy a judgment it obtained against the plaintiff on two promissory notes, which claim is contradictory to the notice of sale published in connection with the foreclosure under the power of sale contained in said security

deed; that the claims and demands of Certain-Teed have denied the plaintiff his right of redemption of said property by paying such sums as might be due under said deed, if any—the plaintiff denying that any sums are due thereunder. The prayers with reference to Certain-Teed are that the security deed be declared null and void, and, if said deed is not declared null and void, that Certain-Teed be enjoined from foreclosing said deed until the court determines the amount due thereunder. No tender or payment of the sum admittedly due, in the event said deed is not canceled, is alleged.

Whether or not the execution of the second notes amounted to a novation of the first indebtedness, is unnecessary to be decided. The deed in this instance secures not only the original debt but by its express terms secures "the payment of all other indebtedness now or hereafter owing by the grantor [plaintiff] to the grantee [Certain-Teed], whether created or incurred by contract, operation of law, or in any other form or manner." See *Rose City Foods v. Bank of Thomas County*, 207 Ga. 477 (62 S. E. 2d 145). The fact that two notes were subsequently given, or substituted, by the plaintiff for the original note of $30,000 which he had endorsed, did not operate to render the security deed null and void, and that deed, until its obligations are extinguished in some lawful manner, continues to stand as security for all legal debts owing by the plaintiff to Certain-Teed.

The petition failing to allege any facts to authorize a decree of cancellation of the security deed held by Certain-Teed, and there not having been any payment or tender of the amount due thereunder, the petition does not allege a cause of action against Certain-Teed.

3. The plaintiff prays that the defendant Asa M. Marshall, Jr. be enjoined from foreclosing a security deed, which was allegedly transferred to Marshall by Citizens Bank & Trust Company, until the amount due thereunder can be determined by the court. The petition does not allege that Marshall is foreclosing or threatening to foreclose said security deed, and hence fails to allege any cause of action to enjoin a foreclosure thereof.

4. With respect to the defendant Bestwall Gypsum Company, the petition shows only that the plaintiff, as joint maker, has

executed a promissory note in favor of said company in the amount of $6,372.60; that said company had obtained a judgment against the plaintiff in the amount of $13,223.25 (the basis of said judgment not being shown by the petition); and that Bestwall Gypsum had entered into the escrow agreement with other creditors concerning the sale of the plaintiff's property. The petition does not allege any facts to constitute a cause of action against Bestwall Gypsum Company, and does not pray for any specific relief against such defendant. It was not error to sustain the general demurrer of that defendant.

5. It is alleged that the plaintiff entered into a contract with T. Lynn Davis Realty & Auction Co., Inc., under which said company was to sell the plaintiff's land at auction, a copy of said agreement being attached to the petition as an exhibit. According to said agreement, the property was to be sold for one-third cash down payment and the balance to be paid within 30 days. It is alleged further that the down payment was reduced from one-third to one-fourth prior to the sale by consent of all interested parties; that at the sale the auction company entered into an "Auctioneer's Memorandum of Sale" with T. F. Willis, confirming the sale of certain lands "as shown therein" for the sales price of $124,500; that the auction company accepted a check from Willis as down payment; that Willis subsequently stopped payment on said check and refuses to pay same or the balance due on the purchase price for said land. The prayers with respect to the defendant auction company are that the plaintiff recover $31,125 (which is one-fourth of $124,500) as liquidated damages, or that the plaintiff recover damages against said defendant "as alleged" in the petition.

"Damages are given as compensation for the injury sustained. If the parties agree, in their contract, what the damages for a breach shall be, they are said to be liquidated, and unless the agreement violates some principle of law, the parties are bound thereby." *Code* § 20-1402. There is no contract alleged between the plaintiff and the auction company wherein the parties agreed upon any sum as liquidated damages in the event of a breach thereof, and the petition does not allege a cause of action against the auction company for liquidated damages.

The only damages alleged as against the auction company are that the plaintiff should recover $31,125 as liquidated damages. Since, as held above, the plaintiff is not entitled to liquidated damages against this defendant, and since no other allegations of damages are set forth in the petition as to the auction company, the trial court properly sustained the general demurrer of T. Lynn Davis Realty & Auction Co., Inc.

6. The plaintiff contends that T. F. Willis defaulted on an alleged agreement to purchase certain lands of the plaintiff which Willis purportedly bid on at the auction sale. While, as a general rule, a contract for the sale of land must be in writing and signed by the party sought to be charged therewith, or some person by him lawfully authorized (Code § 20-401), "In sales at auction, the auctioneer may be considered the agent of both parties, so far as to dispense with any other memoranda in writing than his own entries." *Jackens v. Nicholson,* 70 Ga. 198 (2); *Code* § 96-114. "Sales of land by an auctioneer are within the statute of frauds. *White v. Crew,* 16 Ga. 416 (3) . . .", and the writing relied upon to take the transaction out of the statute of frauds must "(a) identify the buyer and seller, (b) describe the subject matter of the contract, and (c) name the consideration. *Code* § 20-401 (4); *Oglesby Grocery Co. v. Williams Mfg. Co.,* 112 Ga. 359 (37 S. E. 372); *F. & W. Grand Stores v. Eiseman,* 160 Ga. 321 (127 S. E. 872); *Cashin v. Markwalter,* 208 Ga. 444 (3) (67 S. E. 2d 226)." *Pierce v. Rush,* 210 Ga. 718 (82 S. E. 2d 649).

The petition alleges only that the auction company "did enter into an 'Auctioneer's Memorandum of Sale' with defendant T. F. Willis confirming the sale of the balance of the lands of John D. Bower, Jr., as shown therein for a consideration of $124,500." A copy of said "Auctioneer's Memorandum of Sale" is not attached as an exhibit to the petition. Neither does the petition allege the contents of such auctioneer's memorandum. The petition does not describe the lands purportedly covered by the auctioneer's memorandum, and hence fails to identify the subject matter of the alleged contract. Whether the alleged auctioneer's memorandum of sale referred to by the plaintiff constituted a writing sufficient to take the case out

of the statute of frauds cannot be determined, since neither said memorandum nor a copy thereof is attached to the petition. And, as the petition itself does not allege any facts to supply this deficiency, it fails to allege a cause of action for damages against the defendant Willis.

7. The defendant W. W. Emanuel was named as escrow agent to perform certain acts under the escrow agreement on completion of the sale of the plaintiff's property. The petition alleges only that the plaintiff delivered his signed deed to Emanuel for the property sold to T. F. Willis, and makes no other allegations with respect to Emanuel. As to Thomas F. Seilzinger's Sons, Inc., the petition shows only that said corporation was a judgment creditor of the plaintiff. No specific relief is prayed for against either of said defendants, and it was not error to sustain the general demurrer of each of them.

8. The plaintiff prays for the appointment of a receiver to take charge of the real estate described in the security deeds mentioned above and of such money and documents as may be in the hands of W. W. Emanuel and the auction company. "The power of appointing receivers should be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." *Code* § 55-303. The petition wholly fails to allege any facts showing that the rights of the plaintiff or any other party will be prejudiced in any way unless a receiver be appointed. Therefore, no cause of action is set forth for the appointment of a receiver.

For the foregoing reasons the trial court did not err in sustaining the general demurrers of all the defendants.

*Judgment affirmed. All the Justices concur.*