**John H. KENT, Jr., Trustee in Bankruptcy of C. M. Jones & Company, Appellant,**

v.

**WALTER E. HELLER & COMPANY, Appellee.**

**No. 21848.**

United States Court of Appeals Fifth Circuit.

July 28, 1965.

Clinton J. Morgan, Rome, Ga., for appellant.

Dudley B. Magruder, Jr., Rome, Ga., for appellee.

Before TUTTLE, Chief Judge, and EDGERTON * and SMITH,** Circuit Judges.

---

* Senior Circuit Judge of the D. C. Circuit Court, sitting by designation.

** Of the Third Circuit, sitting by designation.

WILLIAM F. SMITH, Circuit Judge.

The sole basis of this action is a warranty deed given by C. M. Jones & Company, a corporation, to secure loans previously advanced and to be advanced by the appellee. The deed was executed on January 8, 1963, but shortly thereafter, and before the financial arrangements were consummated, the said corporation was adjudged bankrupt. The appellant commenced this action in the Superior Court of Fulton County, Georgia, from which it was removed to the United States District Court for the Northern District of Georgia on the petition of the appellee. Thereafter the appellee filed its answer and counterclaim.

The matter came before the court below on the motion of the appellee for judgment on the pleadings, Fed.Rules Civ.Proc. rule 12(c), 28 U.S.C.A., and the motion of the appellant to dismiss the counterclaim. The counterclaim was dismissed on jurisdictional grounds and the motion for judgment on the pleadings was referred to the Referee in Bankruptcy as a Special Master. After hearing, the Special Master filed a report in which he recommended that the motion of the appellee be granted. The court below approved the report and entered an order dismissing the complaint. The present appeal followed.

The appellant challenges as erroneous (1) the dismissal of his complaint; (2) the reference of the matter to a master; and (3) the dismissal of his demand for a trial by jury. The arguments presented in support of this challenge are clearly without merit.

■■■ The present action is in substance one to compel specific performance of an alleged agreement to lend money. The general rule is well settled that a court of equity will not decree the specific performance of such contracts in the absence of exceptional circumstances. Annotation 41 A.L.R. 357–362; Corbin on Contracts, § 1152, 5A, at pages 167 and 168. There are no exceptional circumstances in the instant case. We have found no Georgia decision directly in point and the parties to this litigation

have cited none. However, it seems reasonable to assume that the law of Georgia is in accord with the general rule. See generally Anderson v. Hilton & Dodge Lumber Company, 121 Ga. 688, 49 S.E. 725. The cases cited by the appellant in support of his position are not apposite.

■■■ The fact that the appellant may have misconceived his cause of action, if any, or his remedy, would not have warranted the dismissal of his complaint unless it appeared to a certainty that he was "entitled to no relief under any state of facts which could [have been proved] in support of the claim." Arthur H. Richland Company v. Harper, 302 F.2d 324, 325 (5th Cir. 1962); Due v. Tallahassee Theaters, Inc., 333 F.2d 630, 631 (5th Cir. 1964). We have considered the complaint in the light of this principle and find that the facts therein alleged, if proved, would not support his claim for relief under any theory of the law.

■■■ The reference of this matter to the Referee in Bankruptcy as a Special Master, to which the appellant interposed no objection, was justified under the conditions recited in the Court's order. Fed. Rules Civ.Proc. rule 53(b). However, even if the reference had been improvident the appellant would not be entitled to a reversal in the absence of a showing of prejudice. Johnson Fare Box Company v. National Rejectors, Inc., 269 F.2d 348, 351 (8th Cir. 1959). There has been no such showing in the instant case.

Any question as to the dismissal of the appellant's demand for a jury trial is moot and therefore requires no discussion.

The judgment of the court below is affirmed.

EDGERTON, Senior Circuit Judge (dissenting):

The court says the bankrupt corporation's deed was given "to secure loans previously advanced and to be advanced." The statement that there were "loans previously advanced" rests only on defendant's answer and contradicts plain-

tiff's complaint. The complaint says neither the bankrupt nor the plaintiff trustee in bankruptcy received any part of the proposed loans for which the bankrupt gave promissory notes for $720,000, and to secure which it conveyed its land, buildings, and machinery to defendant. The defendant's answer contradicts these statements of the complaint and says the defendant loaned the bankrupt $215,757.-35.

Since the pleadings of the plaintiff and the defendant are in conflict on the critical question whether the defendant did or did not loan money to the bankrupt, I think the District Court erred in granting the defendant's motion for judgment on the pleadings. I think the court, in deciding the motion, should have taken as true the allegation of the complaint that the defendant made no part of the proposed loans, and should not have taken as true the contrary allegation of the answer, that the notes and security deed were made in consideration of past and future loans and that loans of $215,757.35 had been made. In Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956), this court said: "On defendant's motion for judgment on the pleadings, where no matters outside the pleadings are presented, the fact allegations of the complaint are to be taken as true, but those of the answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint." [1]

The complaint asks judgment for $720,000, evidently on the assumption that the damages at law for breach of a contract to lend, like the damages at law for breach of a contract to buy land, see Harry v. Griffin, 210 Ga. 133, 78 S.E. 2d 37 (1953), are measured by the agreed consideration. The assumption is erroneous; damages at law for breach of a contract to lend must be specifically alleged and proved. See, e. g., Anderson v. Hilton & Dodge Lumber Co., 121 Ga. 688, 49 S.E. 725 (1905); cf. F.R.Civ.P. 9(g). The plaintiff did not make the necessary allegation and cannot recover damages at law. But he should not be denied all relief because he mistook the relief to which he was entitled. The prayer for relief in a complaint should be disregarded in determining whether the complaint states facts on which relief may be granted. Dotschay for Use and Benefit of Alfonso v. National Mutual Ins. Co., 246 F.2d 221 (5th Cir. 1957); 6 Moore, Federal Practice, § 54.60, at 1203–04 (2d ed. 1964). I think the court errs in holding that the facts alleged in the plaintiff's complaint, "if proved, would not support his claim for relief on any theory of the law." I think they would support equitable relief.

If the grantor of a security deed has repaid the loan he is entitled to a judgment that he owes nothing, an injunction against foreclosure, and cancellation of the deed.[2] If no part of the proposed

1. Under Rule 8(d), F.R.Civ.P., "[a]verments in a pleading to which no responsive pleading is required or permitted are to be taken as denied * * *." After the defendant's counter-claim was dismissed, no pleading in response to defendant's answer was required or permitted. Rule 7(a), F.R.Civ.P. The answer put in issue the question whether loans had been made. "For the purposes of the motion [for judgment on the pleadings], all well-pleaded material allegations of the opposing party's pleading are to be taken as true, and all allegations of the moving party which have been denied are taken as false. * * * Hence, a defendant may not obtain a judgment on the pleadings on the basis of the allegations in his answer

where no reply is required, since under Rule 8(d) these allegations are deemed denied * * *" 2 Moore Federal Practice, § 12.15, at 2269–70 (2d ed. 1964).

2. See Bower v. Certain-teed Prods. Corp., 216 Ga. 646, 119 S.E.2d 5 (1961); First Federal Savings & Loan Ass'n of Atlanta v. Norwood Realty Co., 212 Ga. 524, 93 S.E.2d 763 (1956); Bank of LaFayette v. Giles, 208 Ga. 674, 69 S.E.2d 78 (1952); Hobbs v. Houston, 190 Ga. 505, 9 S.E.2d 749 (1940); Mitchell v. Mandeville Mills, 180 Ga. 791, 180 S.E. 828 (1935); Linder v. Wimberly, 158 Ga. 285, 123 S.E. 129 (1924); E. Tris Napier Co. v. Gloss, 150 Ga. 561, 104 S.E. 230 (1920).

loan was ever made, the grantor of the security deed should be entitled to the same relief. A trust deed or mortgage unsupported by consideration may be cancelled in equity and the title of the grantor cleared. See Sanders v. Sanders, 210 Ga. 248, 78 S.E.2d 785 (1953); Johnson v. Neal, 170 Ga. 230, 152 S.E. 108 (1930). Even if it appears at trial that something is owed to the grantee, the court may order an accounting and cancel the deed on condition of full payment by the grantor.[3]

**3.** See Wagoner v. Bainbridge State Bank, 176 Ga. 82, 169 S.E. 32 (1933); Linder v. Wimberly, supra note 2; E. Tris Napier Co. v. Gloss, supra note 2.

In the circumstances of this case, specific performance might perhaps be allowed as an alternative remedy. Ordinarily, damages at law are an adequate remedy for breach of a contract to lend money and therefore specific performance is not granted. But this case is exceptional in that, according to the complaint, the would-be borrower conveyed all his land and got nothing in return. It has been said that in such a case the "decree would far better let the security stand and order the payment of the sum promised. This would be specific performance and not merely damages." 5A Corbin, Contracts, § 1152, at 168 (1964).