# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

No. 99-31299

---

**SIERRA CLUB; and**
**LOUISIANA ENVIRONMENTAL ACTION NETWORK, INC.,**

Plaintiffs-Appellees,

v.

**CAROL M. BROWNER, ADMINISTRATOR,**
**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**;
**GERALD CLIFFORD, REGIONAL ADMINISTRATOR**,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

July 9, 2001

Before GARWOOD, PARKER, and DENNIS, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

This appeal involves the district court's references of motions for summary judgment and other liability and remedy issues concerning Appellants' mandatory duty under section 303(d) of the Clean Water Act, 33 U.S.C. § 1313(d), to a special master pursuant to FED. R. CIV. P. 53(b).

Because we conclude that the references were improper, we VACATE the orders of reference, the orders adopting the master's recommendations, and the final judgment, and REMAND this action for further proceedings by the district court de novo.

I.

Appellees are two environmental organizations who brought this action to challenge the State of Louisiana's and Appellants' failure to comply with section 303(d) of the Clean Water Act, 33 U.S.C. § 1313(d). Appellees' complaint sought relief for the State's failure to identify, establish, and submit to Appellants total maximum daily loads ("TMDLs") of pollutants for Louisiana's polluted waters, and for Appellants' failure to exercise its mandatory duty under section 303(d) to identify and establish such TMDLs in light of the State's protracted inaction. Notwithstanding the Act's strict deadlines for such identification and establishment, which were due in 1979, the State failed to identify, establish, or submit a single TMDL until 1992 although it received federal funding specifically earmarked for TMDL implementation. When the State did manage to finally submit a TMDL, Appellants rarely complied with the Act by either approving or disapproving the submission beyond the thirty-day deadline imposed by the Act. Appellees sought judicial enforcement of the Act's requirements by seeking an order and judgment against Appellants to exercise its mandatory duty under the Act to identify and establish TMDLs whenever the State failed to do so, and to establish a reasonable schedule by which TMDLs would be implemented.

The parties filed cross-motions for summary judgment relating to liability and remedy issues. At a pretrial conference Appellants suggested, and the court agreed, that an appointment of a special master pursuant to Rule 53(b) would be appropriate. The district court cited its congested docket and unfamiliarity with the issues presented as necessitating the reference. Appellees objected to the

reference primarily based on the added delay and expense, but the court overruled the objection and directed the parties to submit names of candidates for the reference. Shortly thereafter, Appellants retracted their suggestion for a Rule 53(b) reference to a special master, objected to such reference, and moved for a reference to a magistrate under Rule 72. That objection was also overruled, and the district court eventually referenced the motions to a special master for report and recommendation, stating that under Rule 53(b), an exceptional condition required the reference because "[t]he case has been pending for two years, the filings are voluminous and contain highly technical documents and declarations, and the issues concern compliance with state and federal regulations." R.E. 5 at 30.

The special master initially conducted two hearings and issued a report to the district court recommending that Appellants' motion be denied and Appellees' motion be granted and denied in part. The district court adopted the report as the opinion of the court, granted Appellees summary judgment with respect to one claim, ordered Appellants to file the administrative record and a schedule for establishing and implementing TMDLs, and re-referenced, without specifying any reason, the action to the special master for a hearing to review the record and schedule, and for report and recommendation. The special master held a hearing to review Appellants' administrative record and a one-week trial on the reasonableness of Appellants' schedule. As ordered, the special master issued a second report recommending summary judgment for Appellees for Appellants' actions in removing certain waters and pollutants from impaired water lists, rejection of Appellants' 12-year schedule for establishing and implementing TMDLs, and setting a 10-year schedule for such establishment and implementation. The district court entered an order and judgment essentially adopting the special master's second recommendation.

Appellants timely appealed the judgment and challenge, *inter alia*, the district court's

3

reference of the motions and liability issues to the special master. Because the question of whether the references were proper is dispositive of this appeal, we limit our discussion to the references and reserve discussion of the State's and Appellants' failure to comply with the Act for another day.

II.

We review references to a special master pursuant to Rule 53 for abuse of discretion. *See La Buy v. Howe Leather Co.*, 352 U.S. 253, 256 (1957). Rule 53(b) provides in relevant part:

> A reference to a master shall be the exception and not the rule. In actions . . . to be tried without a jury, save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it.

"The use of masters is 'to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause, and not to displace the court." *La Buy*, 352 U.S. at 256 (citation omitted); *Piper v. Hauck*, 532 F.2d 1016, 1019 (5th Cir. 1976). In *La Buy*, the Supreme Court expressly held that a congested docket, the complexity of issues, and the extensive amount of time required for a trial do not, either individually or as a whole, constitute an exceptional condition justifying a Rule 53 reference to a special master in a non-jury antitrust action. *See La Buy*, 352 U.S. at 258-59. We applied *La Buy* in *Piper v. Hauck*, 532 F.2d 1016, 1019 (5th Cir. 1976), in which we held that a crowded docket and the plaintiff's filing of sixteen different lawsuits in the same court did not constitute an exceptional condition warranting a reference of the trial to a magistrate judge under Rule 53.

Under this authority, the district court abused its discretion by referring the motions to the special master. In the initial order of reference, the district court stated that an "exceptional condition" existed because "[t]he case has been pending for two years, the filings are voluminous and

4

contain highly technical documents and declarations, and the issues concern compliance with state and federal regulations." R.E. 5 at 30. At the pretrial conference the court also stated that the court's congested docket and inexperience with the subject matter of the action required referring the motions to a special master. Moreover, the second order of reference did not state any reason or condition at all warranting the reference. The orders adopting the master's reports do not suggest that the district court performed a *de novo* review of the reports.

There is no exceptional condition justifying the references. The fact that a case has been pending for two years is not so exceptional as to require the reference of dispositive matters such as summary judgment motions to a special master. The same applies to voluminous filings containing highly technical documents and declarations, which is pretty much the norm for modern federal litigation. *Cf. La Buy*, 352 U.S. at 259; *United States v. Microsoft Corp*, 147 F.3d 935, 954-55 (D.C. Cir. 1998); *Prudential Ins. Co. of Am. v. United States Gypsum Co.*, 991 F.2d 1080, 1087 (3d Cir. 1993). Similarly, a significant number of cases in federal courts concern compliance with state and federal regulations. *La Buy* and *Piper* forbid references due to congested dockets, and the court's unfamiliarity with the subject matter can hardly excuse the court's obligation to carry out its judicial function. *See Madrigal v. Cello*, 799 F.2d 814, 818 n.1 (2d Cir. 1986) ("[The judge] is obligated, whenever faced with unfamiliar factual or legal issues . . . to educate himself in those fields with the aid of counsel, colleagues on the bench, law clerks, and published texts and decisions."). If the district court's reasons were sufficient to constitute an exceptional condition under Rule 53, they "would make references the rule rather than the exception." *La Buy*, 352 U.S. at 259.

We disagree with Appellees' argument that Appellants are not entitled to a reversal absent a showing that the references prejudiced Appellants. Appellees cite *Kent v. Walter E. Heller & Co.*,

5

349 F.2d 480, 481 (5th Cir. 1965), which upheld the district court's reference of a motion for judgment on the pleadings to a referee in bankruptcy for report and recommendation. In reaching that conclusion, *Kent* noted the lack of any objection to such reference, and stated that "even if the reference had been improvident the appellant would not be entitled to a reversal in the absence of a showing of prejudice." In discussing prejudice, *Kent* relied on *Johnson Fare Box Co. v. National Rejectors, Inc.*, 269 F.2d 348, 351 (8th Cir. 1959), in which the Eight Circuit stated that "[e]ven if the order of reference was improvidently or improperly granted, that alone would not entitle the plaintiff to a reversal or affect the review of this case." Without discussing what would warrant reversal, the Eight Circuit stated that "[i]f, however, it was error to refer the case, the costs of reference should be borne by the [party that] induced the Court to make the order."

We believe that *Kent*'s discussion of prejudice is dicta, and that reversal is required in this action. *Cf. Stauble*, 977 F.2d at 697 n.11 (stating that *Johnson Fare Box*'s discussion of prejudice is dicta). In *La Buy*, which was decided before *Kent*, the Supreme Court did not identify, discuss, or impose a prejudice requirement for vacating an improper reference under Rule 53. In *Piper* we concluded, without discussing prejudice, that we had no choice but to vacate the improper order of reference and remand for a new trial *de novo*. *Piper*, 532 F.2d at 1019. We need not and do not decide whether reversal is always required for an improper Rule 53 reference, or whether a lack of prejudice by the objecting party or some evidence of the district court's *de novo* review of the special master's report can ever "cure"such reference to preclude reversal, except to say that reversal is required here. We reach this conclusion because there is no exceptional condition justifying the references, and there are no findings or conclusions by the district court revealing a *de novo* review of the reports even though the parties filed numerous objections to the reports. Absent such findings

6

and conclusions by the district court, we are unable to perform a meaningful review of its judgment, especially when the appeal involves complex factual and legal issues. *See Stauble*, 977 F.2d at 698 ("[E]ven the most searching review of the record by an appellate court would not be a satisfactory substitute for a trial conducted in accordance with Article III."). Moreover, "'since the master's findings must be accepted unless they are clearly erroneous, [the reference of a nonjury case] involves the danger that the master, not the court, will in fact decide the case.'" *In re United States*, 816 F.2d 1083, 1091 (6th Cir. 1987) (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2605 at 670 (2d 1995)) (alteration in original). As we noted in *Piper*, "[w]e cannot simply assume that a retrial of this case will necessarily lead to identical results on any of the numerous issues which the parties contested before the [master]." *Piper*, 532 F.2d at 1019 n.6. Therefore, we must vacate and remand this action to the district court to review and decide the motions *de novo*.

We also disagree with Appellees' argument that reversal is improper because Appellants should have sought an interlocutory appeal or a writ of mandamus in this court after the order of reference was entered. It is true that an aggrieved party may seek review of an order of reference by an interlocutory appeal, *see* 28 U.S.C. § 1292(b), or a writ of mandamus, *see La Buy*, 352 U.S. at 254-55, but the party is not required to do so because such order, as in this action, may be reviewed on appeal. *See Piper*, 532 F.2d at 1018. We cannot penalize Appellants for seeking review of the orders by a perfectly legitimate procedure.

Finally, we cannot accept Appellees' contention that cases evaluating massive, long-term government programs are particularly suited for the appointment of a special master. None of the decisions Appellees cite concerned the propriety of the reference to the special master, as in this

7

action, and most of those decisions concerned the evaluation and implementation of particular remedies, not the determination of basic liability issues. *See Washington v. Tensas Parish Sch. Bd.*, 819 F.2d 609 (5th Cir. 1987) (school board election reapportionment plan); *Ruiz v. Estelle*, 679 F.2d 1115, 1159-62 (5th Cir.) (supervision of judicial consent decree), *aff'd in part and vacated in part*, 688 F.2d 266 (5th Cir. 1982); *Gary W. v. Louisiana*, 601 F.2d 240, 244 (5th Cir. 1979) (compliance with court order). It may be plausible to refer matters concerning remedies once liability is determined, but whether such references are valid will always turn on their compliance with Rule 53(b). We simply cannot hold that cases involving massive, long-term government programs constitute an exceptional condition under Rule 53(b). Even if we agree with Appellees that such cases may be particularly suited for reference to a special master, it does not follow that a district court may abdicate its judicial function by referencing the basic issues of liability to "a temporary substitute appointed on an *ad hoc* basis and ordinarily not experienced in judicial work." *La Buy*, 352 U.S. at 259; *see also Stauble v. Warrob, Inc.*, 977 F.2d 690, 694 (1st Cir. 1993) ("[W]here a district judge does not hear and determine the main course, *i.e.*, the meat-and-potatoes issues of liability, there is an abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation.").

While we recognize that our decision will add to the delay and expense already suffered by Appellees and the citizens of Louisiana, we simply have no choice but to vacate the orders of reference, the orders adopting the special master's reports, and the final judgment, and remand this action to the district court for further proceedings de novo. *See Piper*, 532 F.2d at 1018.

Vacated and remanded.

8