# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2016

Lyle W. Cayce
Clerk

No. 16-40482

In re:  GREG ABBOTT, in his official capacity as Governor of the State of Texas; CHRIS TRAYLOR, in his official capacity as Executive Commissioner of the Health and Human Services Commission of the State of Texas formerly known as Kyle Janek; JOHN J. SPECIA, JR., in his official capacity as Commissioner of the Department of Family and Protective Services of the State of Texas,

        Petitioners.

On Petition for Writ of Mandamus
to the Southern District of Texas
USDC No. 2:11-CV-84

Before DENNIS, OWEN, and COSTA, Circuit Judges.

PER CURIAM:*

Nine foster children in the care of Texas's Permanent Managing Conservatorship filed a class-action lawsuit on behalf of all children in such care against the named defendants, seeking declaratory and injunctive relief to redress alleged class-wide injuries caused by violations of their substantive due process rights under the Fourteenth Amendment. The district court held that those rights had been violated. It issued an injunction with immediate effect and also appointed special masters pursuant to Federal Rule of Civil

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40482

Procedure 53 "to help craft the reforms and oversee their implementation," explaining that "[b]ecause of the complexity and breadth of reforms that are required . . . it would be impractical for the Court to craft and oversee each necessary change." The district court set forth a detailed list of the goals of the reforms, which comprised both specific directives to the State and descriptions of recommendations to be provided by the special masters. The district court denied the State's motion to revoke the appointment of the special masters and declined to certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Fifth Circuit subsequently denied the State's motion to stay the injunction pending appeal. The State now files a petition for a writ of mandamus directing the district court to vacate the appointment of the special masters and instead craft appropriate injunctive relief itself.

Federal Rule of Civil Procedure 53(a)(1)(C) permits a court to appoint a master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Rule 53(b)(2)(A) requires that the order appointing a master state "the master's duties, including any investigation or enforcement duties, and any limits on the master's authority." Rule 53(f)(3) provides that "[t]he court must decide de novo all objections to findings of fact made or recommended by a master," unless the parties stipulate with the court's approval that the findings will be reviewed for clear error or will be final. Rule 53(f)(4) states that "[t]he court must decide de novo all objections to conclusions of law made or recommended by a master."

"[A]n aggrieved party may seek review of an order of reference by an interlocutory appeal [pursuant to] 28 U.S.C. § 1292(b), or a writ of mandamus."[1]   "[T]hree conditions must be satisfied before [a writ of

---

[1] *Sierra Club v. Clifford*, 257 F.3d 444, 448 (5th Cir. 2001).

mandamus] may issue. First, 'the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires'—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy 'the burden of showing that [his] right to issuance of the writ is 'clear and indisputable.' Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."[2]

The writ of mandamus as a means of preventing a district court from appointing a special master "'is meant to be used only in the exceptional case where there is clear abuse of discretion or usurpation of judicial power' and 'should be resorted to only in extreme cases' where the reference to a Master is 'so palpably improper' that 'the rules have been practically nullified.'"[3]

Because the petitioners here have failed to demonstrate that they have a "clear and indisputable" entitlement to relief at this stage of the proceedings, IT IS ORDERED that the petition for writ of mandamus is DENIED.

IT IS FURTHER ORDERED that petitioners' motion to stay any special-master proceedings arising from the Appointment Order pending the disposition of the petition is DENIED AS MOOT.

---

[2] *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380-81 (2004) (third and fourth alterations in original) (citations omitted).

[3] *In re Watkins*, 271 F.2d 771, 773 (5th Cir. 1959) (quoting *La Buy v. Howes Leather Co.*, 352 U .S. 249, 256-258 (1956)).